Appeal of Robert H. Eber From the Decision of the Personnel Commission of the Town of Mc-Candless and the McCandless Town Council. Robert H. Eber, Appellant.

Argued May 8, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Andrew M. Schifino*, for appellant.

*James W. Dunn, Jr.*, for appellees.

OPINION BY JUDGE ROGERS, June 23, 1980:

Robert H. Eber, a police officer of the Town of McCandless, has appealed an order of the Court of Common Pleas of Allegheny County upholding the action of the Town Council dismissing him from his employment for being intoxicated while on duty.

The evidentiary record was made before the Personnel Board of the Town of McCandless, a body given that duty by the McCandless Home Rule Charter. No additional evidence was heard in the Court of Common Pleas after Eber appealed from the action of Town Council pursuant to the Local Agency Law, 2 Pa. C.S. §§551-555, 2 Pa. C.S. §§751-754.

Before the Personnel Board, the Town Council and in the court below until after the final order below was entered, Eber posed but two questions: whether there was sufficient evidence that he was intoxicated on duty on May 10, 1978, as charged; and whether prior instances of discipline for drinking should be, or should have been, admitted at the hearing. Eber raises these same two questions here. Neither has merit. As to the first, we are completely satisfied after reviewing the notes of the Personnel Board hearings that the testimony of Lieutenant Van-Leer, Kathleen Phillips, a civilian, and of fellow officers Grabenstein and Wagner, amply supported the charge that Eber was under the influence of intoxicants while on duty on May 10, 1978. While the testimony of two other officers, each of whom saw Eber briefly some hours either before or after he was dis-

missed from duty by Lieutenant VanLeer, and that of Eber himself, was to the effect that he was not in fact intoxicated, we discern no error or abuse of discretion in the Personnel Board's having concluded on the basis of the other evidence mentioned that the ' charge had been made out.

As to Eber's second contention in this appeal—that evidence of prior misconduct should not have been received—the law is simply against him. In *Ditko Appeal*, 385 Pa. 435, 123 A.2d 718 (1956), the Supreme Court affirmed an order of the Berks County Court of Common Pleas on the basis of President Judge WARREN K. HESS's opinion reported at 5 Pa. D. & C. 2d 569 (1955). Judge HESS wrote: "The service record of appellant showing prior misconduct and suspension is relevant and admissible, however, insofar as it may relate to proper punishment in the event appellant is guilty of the misconduct alleged in the first charge: [citations omitted]." 5 Pa. D. & C. 2d at 571-572.

On the occasion of his appeal to this court Eber raises a third question concerning the procedures followed at the Town level, required, we understand, by the Town's Home Rule Charter, although no copy of that document has been provided us. This question was not raised below and we will not consider it here. The hearing judge of the court below filed his final order affirming the action of the Town authorities on the merits only on March 1, 1979. On March 27, 1979, a petition was filed on Eber's behalf asking that the order of March 1, 1979 be vacated on the ground that in the case of another McCandless police officer allegedly identical on the facts, the court below had on March 15, 1979 ruled that the other officer's rights to "due process under the Local Agency Law" were denied by McCandless procedures. The hearing judge denied the prayer of the petition to vacate. The ap-

pellant not having provided us with any part of the record of the other case referred to, we have obtained relevant parts by our own efforts and find that the same judge who heard this, the Eber matter, had by order without opinion on March 15, 1979 sustained the other officer's appeal but that he later "upon further consideration of the procedural questions" vacated that order. On April 23, 1979, the judge handed down an order, with opinion, sustaining the appeal in the other case on the ground that the Town authorities had abused their discretion in suspending the officer for insubordination under all of the facts. The judge specifically remarked that he was not considering the "procedural contention" raised in that case. There is, therefore, no question here as to there being inconsistent holdings in the court below with respect to the alleged defects in the Town of McCandless's Home Rule Charter. The case is one simply of such alleged defects never having been raised in this case and never having been considered in the other.

Order affirmed.

### ORDER

AND Now, this 23rd day of June, 1980, the order of the Court of Common Pleas of Allegheny County here appealed from, filed March 1, 1979, is affirmed.