Joseph F. Wesolek, Appellant *v.* Shaler Township and Shaler Township Civil Service Commission, Appellees.

Argued October 4, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*P. Andrew Diamond,* with him *John R. DeAngelis, Lewis, Stockey & DeAngelis,* for appellant.

*John H. Bingler, Jr.,* with him *Joseph Mack, III, Thorp, Reed & Armstrong,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 18, 1983:

The Allegheny County Common Pleas Court, by order, affirmed a Shaler Township Civil Service Commission adjudication discharging Police Officer Joseph F. Wesolek. He appeals. We affirm.

Wesolek was charged with neglect and violation of his official duties, disobedience of orders and conduct unbecoming an officer. The charges arose from two incidents, one involving removal of windows from a vacant building without the owner's permission, and a second in which Wesolek submitted false reports regarding damage to his patrol car. He denied any misconduct, accusing his superiors of like actions, and, in the alternative, argued that the penalty of discharge is inconsistent with the short suspension given another officer for allegedly similar behavior. The trial court sustained the discharge solely on the ground that the falsification of an official police report constituted conduct unbecoming an officer.

The trial court's authority in these cases is defined by Section 645 of The First Class Township Code,[1] which provides that "the case shall there be determined as the court [of common pleas] deems proper" on the basis of the original record and any additional evidence the parties may offer and that

---

[1] Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §55645.

"the employee shall be suspended, discharged, demoted or reinstated in accordance with the order of the court." Our scope of review is restricted to the determination of whether the findings are supported by the evidence or whether the trial court abused its discretion or has committed an error of law. *Hodgins v. Civil Service Commission*, 57 Pa. Commonwealth Ct. 474, 426 A.2d 1229 (1981).

Wesolek contends that there is no convincing evidence to support the charges, that he is not as a matter of law guilty of the alleged infractions and that if he did act inappropriately, a short suspension is the proper discipline. We disagree. The trial court's conclusions are supported by the record. Wesolek deliberately omitted the name of the individual who admitted he had caused the damage to the police car and, following a contradictory police investigation disclosure, he initiated a coverup. Wesolek's efforts to minimize the seriousness of his own misconduct are not persuasive. The chief of police and other officers did testify that some traffic citations were not prosecuted for a variety of reasons but, this practice, in itself, does not warrant the conclusion that falsification of police investigation reports is acceptable conduct. Conduct unbecoming an officer is accurately described in *Zeber Appeal*, 398 Pa. 35, 156 A.2d 821 (1959). The trial court's conclusion that Wesolek's conduct justifying the finding or penalty imposed within this description is neither an abuse of discretion nor an error of law.

Affirmed.

## Order

The order of the Allegheny County Court of Common Pleas docketed to Civil Division No. SA847 of 1979, and dated August 27, 1981, is hereby affirmed.