Raymond J. Murphy, Appellant *v.* Township of Lower Merion et al., Appellees.

Argued December 15, 1982, before Judges Blatt, Williams, Jr. and Doyle, sitting as a panel of three.

*Brian P. Sullivan,* for appellant.

*Larry J. Folmar, Henderson, Wetherill, O'Hey & Horsey,* for appellees.

OPINION BY JUDGE BLATT, April 11, 1983:

Raymond J. Murphy (appellant) appeals from an order of the Court of Common Pleas of Montgomery County, which sustained the preliminary objections of the appellees,[1] and dismissed his complaint in equity. The appellant had sought, *inter alia,* to enjoin the Lower Merion Township Civil Service Commission (Commission) from holding a hearing on his demotion in rank and alleged that there were irregularities in the demotion procedure under Section 645 of The First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §55645.

---

[1] The appellees in this matter are the Township of Lower Merion, the Board of Commissioners of Lower Merion Township, Lower Merion Township Civil Service Commission, G. Andrew McLaughlin, Bruce W. Kauffman, and William P. Davis, III.

The facts are not in dispute. On January 18, 1980, Murphy, who then held the rank of Sergeant, responded with two other officers to a complaint concerning a loud party. Upon arriving at the scene, they observed numerous youths walking away and found between 70 and 80 teenage youths inside the house where the party was being held. Approximately 15 minutes later, Murphy discovered that his camera, mace, and raincoat had been stolen from his police vehicle, apparently by one of the teenagers leaving the party.

As a result of this incident, a Statement of Charges was filed by the superintendent of police with the Commission on February 13, 1980. Sergeant Murphy was charged with dereliction of duty for failing to control the situation, failure to report underage drinking, failure to secure his vehicle and hindering the investigation of the theft involving items from his police vehicle. He was also notified that he would be demoted from the rank of Sergeant to the rank of Grade "A" Patrolman, effective midnight, February 21, 1980. The Board of Commissioners of Lower Merion Township subsequently approved the Statement of Charges and the demotion.

On February 19, 1980 Murphy requested a hearing on his demotion before the Commission pursuant to Section 645 of the Code. A hearing was scheduled for February 22, 1980, but was continued upon request of the Township. On February 22, 1980, Murphy filed a complaint in equity with the court of common pleas, alleging inter alia that 1) the Statement of Charges was vague and ambiguous, rendering him unable to answer; 2) the defendant acted improperly by not scheduling a hearing within ten days of the filing of the charges in violation of Section 645; 3) as the person charged, he was entitled to the names and addresses of all witnesses to be called and copies of state-

ments of all witnesses; and 4) the Lower Merion Police Department Code of Discipline was unconstitutionally void for vagueness. The court of common pleas found that Murphy "should have pursued his statutory remedies, and raised the alleged procedural inequities on appeal from a Commission hearing". It then dismissed his complaint in equity,[2] and the instant appeal followed.

Section 645 of the Code, which sets forth the method of appealing reductions in rank, provides *inter alia:*

> If the person suspended, removed or reduced in rank shall demand a hearing by the commission, the demand shall be made *to the commission.*
>
> . . . .
>
> *In the event* the commission shall sustain the charges and order the suspension, removal or reduction in rank, the person suspended, removed or reduced in rank shall have immediate right of appeal to the court of common pleas of the county and the case shall there be determined as the court deems proper. . . . (Emphasis added.)

It is clear that a statutory remedy did exist here, and, that after initially attempting to pursue this remedy by filing a written request for a hearing, the appellant decided to forgo seeking this statutory remedy and instead filed a complaint in equity with the court of common pleas.

This Court has long recognized and applied the general rule that a court will only exercise its equitable

---

[2] While it is true that the trial court dismissed the complaint due to Officer Murphy's failure to exhaust the statutorily prescribed remedies, the court went on to state "assuming *arguendo* this Court has the power to entertain this action, we find [Murphy's] averments devoid of merit." (Emphasis in original.)

powers when the statutorily prescribed remedy has been exhausted. *Kerr v. Department of State*, 35 Pa. Commonwealth Ct. 330, 385 A.2d 1038 (1978). And the exceptions to this rule are not applicable here. *See Shenango Valley Osteopathic Hospital v. Department of Health*, Pa. , 451 A.2d 434 (1982); *Borough of Green Tree v. Board of Property Assessments*, 459 Pa. 268, 328 A.2d 819 (1974); *City of Philadelphia v. Kenny*, 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343 (1977). Moreover, as Section 1504 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1504 provides, "in all cases where a remedy is provided . . . by any statute, the directions of the statute shall be strictly pursued. . . ."

Because the petitioner here neither pursued his statutory remedy nor established that any of the exceptions to the rule applied, the trial court correctly dismissed his complaint, and we will affirm.

ORDER

AND Now, this 11th day of April, 1983, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.