Dennis Guth, Appellant *v.* South Whitehall Township Civil Service Commission, Appellee.

Submitted on briefs June 6, 1985, to Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Aaron M. Matte,* for appellant.

*Jack I. Kaufman,* for appellee.

Opinion by Judge Rogers, July 3, 1985:

Dennis Guth, a township police officer, has appealed from an order of the Court of Common Pleas of Lehigh County granting a motion to quash as untimely filed his appeal from an order of the township Civil Service Commission (commission).

The township chief of police suspended the appellant for three days without pay for conduct unbecoming a police officer, and the commission after hearing upheld the police chief's action. The commission's order was entered on August 17, 1983. The appellant filed his appeal to the court of common pleas on October 14, 1983, the fifty-seventh day after the commission's order was entered. The court of common pleas, as mentioned, granted the commission's motion to quash the appeal.

The appellant says his appeal was timely filed pursuant to Section 1108 of the commission's Rules and Regulations which provides as follows:

> *Section 1108. Appeal* In the event the Commission sustains the charges and orders the suspension, removal or reduction in rank, the person so suspended, removed or reduced in rank shall have immediate right of appeal to the Court of Common Pleas in Lehigh County, such appeal to be taken by petition to said Court within sixty (60) days from the date of entry by the Commission of its final order. . . .

Section 645 of the applicable First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §55645, provides:

> In the event the commission shall sustain the charges and order the suspension, removal or reduction in rank, the person suspended, removed or reduced in rank shall have immediate right of appeal to the court of common pleas

of the county. . . . Such appeal shall be taken within sixty days from the date of entry by the Commission of its final order and shall be by petition.

The common pleas court however held that the applicable statute was Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b). We agree. Section 5571-(b) provides:

> *Other Courts*—Except as otherwise provided in subsection (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken. . . .

Section 20002(g) of the Judiciary Act Repealer Act (JARA), 42 Pa. P.S. §20002(g), states:

> All other parts of those acts which are specified in this section and *all other acts and parts of acts are hereby repealed insofar as they are in any manner inconsistent with this act or the act to which this is a supplement.* (Emphasis supplied.)

The material facts of this case are quite similar to those of *Crown v. Township of Ross,* 68 Pa. Commonwealth Ct. 588, 449 A.2d 878 (1982), where we held that Section 5571(b) of the Judicial Code created a uniform thirty day appeal period for all cases except election, probate and execution cases and that it repealed Section 645 of the First Class Township Code. The appellant, however, contends that the sixty day appeal period nevertheless survives because it is incorporated into the commission's rules by Section 1108 of those rules. This contention fails not only because Section 20002(g) of JARA, 42 Pa. P.S. §20002(g), expressly repeals all inconsistent enactments but also

because Section 1971(b) of the Statutory Construction Act, 1. Pa. C. S. §1971(b), requires that:

> Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and therefore to repeal pre-existing local or special statutes on the same class of subjects.

Section 5571(b) of the Judicial Code is obviously part of a general statute establishing a uniform and mandatory system covering the proceedings of courts and governmental bodies.

Order affirmed.

## ORDER

AND Now, this 3rd day of July, 1985, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.