## Murphy v. Bd. of Commissioners of Lower Merion Twp.

Brian P. Sullivan, for plaintiff.
Gilbert P. High, Jr., for Lower Merion Township.

BRODY, J., September 13, 1985—This opinion is necessitated by petitioner's appeal of this court's order of June 12, 1985, which dismissed his appeal from the decision of the Civil Service Commission of Lower Merion Township dated December 29, 1983.

## BACKGROUND

Petitioner Raymond Murphy has been employed by Lower Merion Township as a police officer for 22 years; in 1967, he attained the rank of sergeant. On January 18, 1980, petitioner was working as patrol sergeant on the 8:00 p.m. to midnight shift. At approximately 10:50 p.m., petitioner was dispatched to the scene of a disruptive party, along with two other officers. Upon arriving, they discovered more than 50 young people, a keg of beer and beer cans strewn throughout the house. Petitioner consulted with the property owners' daughter and then directed that the keg be emptied. Petitioner took no other official action at that time or later; he never contacted the owner of the premises nor attempted to ascertain names of those at the party or whether those leaving were, in fact, too intoxicated to drive.

Upon returning to his patrol car, a marked police unit, petitioner discovered that a camera, a mace kit and a raincoat had been stolen from it. Petitioner's initial report of the incident to his supervisor indicated that he had secured his vehicle prior to entering the residence despite the fact that while in the residence he had been informed by another officer that his passenger-side window was open. A supple-

mental report filed by petitioner, however, indicated that petitioner may have left this window partially rolled down. The teenager subsequently charged with theft of the items taken stated that he had gained entry to the car by way of an open window.

On February 13, 1980, the Superintendent of Police of Lower Merion Township filed a statement charging petitioner with dereliction of duty, failure to report under-age drinking, failure to secure his police vehicle and hindering the investigation of the theft from his vehicle. The superintendent's disposition of the case was to permanently reduce petitioner's rank from that of sergeant to that of Grade "A" patrolman with a proportional reduction in salary, effective February 21, 1980.

On February 19, 1980, petitioner requested a hearing before the township's Civil Service Commission pursuant to the First Class Township Code, 53 P.S. §55645. Petitioner then filed a complaint in equity seeking to enjoin the Civil Service Commission from holding a hearing based on various procedural irregularities. The township's preliminary objections to this complaint were sustained by this court (Lowe, P.J.) on the basis that petitioner had failed to exhaust his statutory remedies pursuant to the First Class Township Code, 53 P.S. §55645. This order was affirmed by the Commonwealth Court of Pennsylvania on April 11, 1983, Murphy v. Township of Lower Merion, 73 Pa. Commw. 376, 457 A.2d 1342 (1983).

The Civil Service Commission of Lower Merion Township then held a hearing on July 19, 1983. By letter of December 29, 1983, petitioner was notified that the commission had, by a two-to-one vote, affirmed the police superintendent's decision to demote Sergeant Murphy to Grade "A" patrolman.

Petitioner then appealed the commission's decision to this court. After oral argument, an order was entered dismissing petitioner's appeal. It is from this order that petitioner now appeals.

## DISCUSSION

### A. Standard of Review

The First Class Township Code, 53 P.S. §55645, Act of June 3, 1971, P.L. 133, provides that a police officer reduced in rank can demand a hearing before the Civil Service Commission and that, in the event the commission sustains the reduction, the officer can appeal to the court of common pleas. "[T]he case shall there be determined as the court deems proper."

In making this determination, a court of common pleas is guided by the principle that: "The decision rendered by a civil service commission must be upheld unless there has been a violation of constitutional rights, an error of law, noncompliance with the Local Agency Law or if any factual finding made by the commission necessary to support its decision is not supported by substantial evidence." Schmidt v. Borough of Baldwin, 82 Pa. Commw. 580, 583, 477 A.2d 572, 574 (1984).

We also note that: "It is necessary that both court and commission give due respect and weight to the action of the duly constituted municipal body which is authorized to act with respect to charges against members of the police force." Appeal of Zimmett, 28 Pa. Commw. 103, 107, 367 A.2d 382, 384 (1977). Decisions as to discipline of police officers are properly left to the appropriate municipal authority. In making its determination, this court will not usurp this power, but rather will examine the adjudication of the Civil Service Commission to ensure that its

decision is supported by sufficient evidence and reflects no abuse of discretion or error of law.

### B. Petitioner's Allegations

Petitioner alleges that this court was erroneous in upholding the decision of the Civil Service Commission. Initially, petitioner claims that the statutorily required notice of charges against him filed on behalf of the township was insufficient to fully advise petitioner of all the charges pending and that this deficiency amounted to a denial of due process of law.

An examination of the specifications and charges filed by James J. McCaughey, superintendent of police, on February 13, 1980, shows this to be untrue. The superintendent's itemization of specifications and charges is thorough, complete and fully discusses both the facts and the resulting charges in this case. The notice of charges against petitioner was more than adequate, see Danner v. Bristol Township Civil Service Commission, 64 Pa. Commw. 470, 440 A.2d 702 (1982), and there was no denial of due process in this regard.

Petitioner next complains that his counsel was given inadequate time to review subpoenaed documents prior to the hearing, amounting to a nullificiation of the subpoena power found in the First Class Township Code, 53 P.S. §55633, and therefore resulting in a denial of due process of the law.

Section 55633 of the First Class Township Code states that:

"The commission shall have the power to issue subpoenas over the signature of the chair (person) to require the attendance of witnesses and the production of records and papers pertaining to any investigation or inquiry."

This section is included in that portion of the code discussing the formation, responsibilities, and powers of the Civil Service Commission. The provision cited grants the commission power to subpoena documents for its own review in the course of an investigation; it does not purport to give a civil servant broad powers of discovery in these cases. Additionally, the record reflects that the hearing was interrupted for a 20-minute period in order to permit petitioner's counsel to familiarize himself with the subpoenaed documents.

We note further that upon the conclusion of this review period, although counsel for petitioner noted that he had only had opportunity to review 10 to 20 percent of the relevant material, counsel made no request that the hearing be continued. Petitioner additionally fails to indicate how this partial review hindered his presentation of his case in any respect. Thus, peitioner's contention that he was denied due process of the law by this review is without merit. See Boris v. Commonwealth of Pennsylvania, Department of Environmental Resources, 81 Pa. Commw. 547, 474 A.2d 722 (1984).

Petitioner next alleges that the township failed to present clear and convincing evidence to support the charges brought against him. We note initially that our review is rather whether the civil service commission's adjudication was supported by *substantial* evidence presented to it by the township. See Boris, id., citing Konick Appeal, 34 Pa. Commw. 502, 383 A.2d 1002 (1978). In any event, the testimony presented to the commission presented clear and convincing evidence that then-Sergeant Murphy had indeed been derelict in his duties and committed the offenses with which he was charged.

The testimony before the commission showed that in fact petitioner had been told by another offi-

cer at the scene that the passenger-side window of his car was partially rolled down; that despite this, peitioner's initial report of the incident stated that his car had been secured; that petitioner subsequently filed a report noting that the window may have been left rolled down; that petitioner took no steps to contact the owners of the home; and that no steps were taken by petitioner to determine which juveniles had been drinking, either to notify their parents pursuant to the Lower Merion police force policy, or to assess whether any were too intoxicated to drive. Petitioner's claim that the township failed to meet its burden in supporting the charges against him is without merit.

As further allegation of error, petitioner claims that even if the charges had been proven, these charges were insufficient to justify the discipline imposed.

However, the Pennsylvania Commonwealth Court has stated in an analogous case that "absent evidence of arbitrary or discriminatory conduct or an abuse of discretion, the commission has no authority to modify the penalties imposed by borough officials for violations of the [borough] code where the charges brought against the officer are found by the commission to be supported by the evidence and where the penalties imposed are not otherwise prohibited." Jenkintown v. Civil Service Commission of Jenkintown, 84 .Pa. Commw. 183, 188-189, 478 A.2d 941, 943 (1984). The court additionally quoted an earlier case interpreting §55645 of the First Class Township Code:

"We can find nothing in this section which would authorize the commission to modify a penalty imposed by the township when it also finds that, as a matter of law, the township has produced sufficient evidence to justify the penalty it has imposed. The

purpose of the commission clearly seems to be to protect employees from arbitrary or discriminating township action, not to usurp the functions of elected township officials in the administration of their duties." Banks v. Board of Commissioners of Upper Moreland Township, 7 Pa. Commw. 393, 398, 298 A.2d 923, 925, as quoted in Jenkintown, id., at 187-188, 478 A.2d at 943.

In the instant case, there was more than sufficient evidence to support the charges against petitioner, as discussed above, which thereby supports the penalty imposed by the superintendent of police. This court finds no abuse of discretion or error of law by the commission in its acceptance of the penalty imposed by the township official authorized by law to assess such a penalty. See Wesolick v. Shaler Township, 72 Pa. Commw. 224, 455 A.2d 1297 (1983).

Finally, petitioner alleges that the commission improperly considered his prior work record in making its determination in that the statement of charges received by him initially failed to inform him that his prior work record was at issue. We note, however, that petitioner's work record was made an issue at the hearing before the Civil Service Commission and that petitioner himself opened this line of questioning before the commission. This distinguishes this case from Borough of Bristol v. Downs, 48 Pa. Commw. 46, 409 A.2d 467 (1979), where the court held that evidence of prior disciplinary action was properly rejected since "the borough at no time indicated in its charges or *at the hearing before the Commission* that [the officer's] past disciplinary record was in issue." Borough of Bristol, id. at 50-51, 409 A.2d at 469. (Emphasis added.) See also Ditno Appeal, 385 Pa. 435, 123 A.2d 718 (1956); Appeal of Coropolese, 55 Pa.

Commw. 55, 423 A.2d 28 (1980); Eber Appeal, 52 Pa. Commw. 284, 415 A.2d 1253 (1980). In a case such as this, where petitioner himself raised the issue before the commission and, further, where the testimony showed only that the prior work record *may* have influenced *one* of petitioner's superiors in his recommendation of punishment, we find that petitioner's allegation that he was without notice is meritless and that there was no error in the admission of this testimony before the commission.

### C. Conclusion

Our conclusion in this case is that the decision of the Civil Service Commission was supported by the evidence and is within the bounds of both discretion and the law. This conclusion gives appropriate respect to the decision of the municipal body which is authorized to act with respect to charges against members of the police force. Zimmett, 28 Pa. Commw. at 103, 367 A.2d at 382.

Accordingly, this court's order dismissing the appeal of Raymond J. Murphy from the decision of the Civil Service Commission of Lower Merion Township should be affirmed on appeal.