.556 A.2d 29

James M. DeGore, Appellant *v.* Civil Service Commission of Allegheny County, Appellee.

Argued October 3, 1988, before Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*George C. Entenmann, Entenmann & Shreve,* for appellant.

*Norman Paul Wolken,* with him, *Caroline Liebenguth,* Assistant County Solicitor, and *James J. Dodaro,* County Solicitor, for appellee.

OPINION BY JUDGE BARRY, March 23, 1989:

James DeGore (DeGore) appeals an order of the Court of Common Pleas of Allegheny County affirming a decision of the Civil Service Commission of Allegheny County (Commission) which dismissed his appeal from his discharge by Sheriff Eugene L. Coon from his position as a deputy sheriff. We vacate and remand.

DeGore was discharged by the Sheriff on August 15, 1985, following an internal investigation of an incident which occurred on August 2, 1985. DeGore appealed his discharge to the Commission pursuant to Section 10 of the Deputy Sheriff's Act (Act), Act of May 31, 1974, P.L. 296, *as amended,* 16 P.S. §4221.10. Following hearings on the matter the Commission dismissed DeGore's appeal. DeGore appealed the Commission's decision to the trial court which affirmed on the record from the Commission.

DeGore now appeals to this Court arguing that the trial court erred in failing to accept the additional evidence he sought to introduce. We agree with DeGore and vacate the trial court's order and remand the case to the trial court for the purpose of taking additional evidence and the entry of a new decision.

Section 10 of the Act provides in pertinent part:

(f) If the commission sustains the party who preferred the charge, the party against whom the charge was made shall have an immediate right of appeal to the court of common pleas of the county. Such appeal shall be taken within the period of ninety days from the date of entry by the commission of its final order and shall be by petition.

Upon such appeal being taken and docketed, the court of common pleas shall fix a day for the hearing and proceed to hear the appeal *on the original record and such additional proof or testimony as the parties concerned may desire to offer in evidence*. The decision of the court affirming or revising the decision of the commission shall be final and the employee shall be suspended, discharged, demoted or reinstated in accordance with the order of the court. (Emphasis added.)

We interpret the language emphasized above as providing an absolute right for the parties to present additional evidence before the trial court, which then is required to conduct a *de novo* review of the Commission's decision.

In the case before us DeGore's counsel attempted to introduce additional testimony before the trial court.[1] The trial judge refused to allow the testimony relying on the Local Agency Law (Law).[2] Section 754 of the Law provides in pertinent part:

(a) In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

(b) In the event a full and complete record of the proceedings before the local agency was made,

---

[1] Transcript of testimony, December 2, 1987 at 4-14.
[2] Local Agency Law, 2 Pa. C. S. §§551-555, 751-754.

the court shall hear the appeal without a jury on the record certified by the agency.

After determining that the record before the Commission was full and complete the trial court concluded that it was bound by §754(b) to hear the appeal on the record certified by the Commission. We find that the trial court erred in concluding that the Local Agency Law was applicable.

Section 751 of the Law provides:

(a) Except as provided in subsection (b), this subchapter shall apply to all local agencies regardless of the fact that a statute expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review.

(b) The provisions of this subchapter shall apply to any adjudication which under any existing statute may be appealed to a court of record, but *only to the extent not inconsistent with such statute*. (Emphasis added.)

We must conclude that Section 10(f) of the Deputy Sheriff's Act, 16 P.S. §4221.10(f) is wholly inconsistent with Section 754 of the Local Agency Law. The Act permits the submission of additional testimony as of a matter of right. The Local Agency Law permits the submission of additional evidence only where the certified record from the agency is incomplete and only in the trial court's discretion. Inasmuch as the Deputy Sheriff's Act was in existence at the time the Local Agency Law was enacted we hold that its provisions are applicable to appeals from county civil service commissions to trial courts pursuant to its terms.

Accordingly, we vacate the trial court's order and remand the record in this case in order to permit the

submission of additional evidence to the trial court and the entry of a new decision.

ORDER

NOW, March 23, 1989, the order of the Court of Common Pleas of Allegheny County at S.A. 2004 of 1985 dated December 8, 1987, is hereby vacated and the record in this matter is remanded to the trial court for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.