David SCOTT, Appellant,

v.

BRISTOL TOWNSHIP POLICE DE-PARTMENT and Township of Bristol, and Bristol Township Council and Herb Phillips, Individually and as Captain in the Bristol Township Police Department.

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1995.
Decided Dec. 22, 1995.

---

Marshall L. Williams, *for appellant.*

William Goldstein, *for appellees.*

Before SMITH and NEWMAN, JJ., and MIRARCHI, Senior Judge.

SMITH, Judge.

David Scott appeals from an order of the Court of Common Pleas of Bucks County (trial court) that quashed his appeal from an order of the Civil Service Commission (Commission) of the Township of Bristol (Township) upholding the decision to terminate Scott as a Township police officer. The question Scott presents is whether the trial court erred in finding that Scott did not timely file his appeal and petition for review from the decision of the Commission.

In April 1993 Scott was afforded a predetermination hearing, following which the chief of police sent him a notice of disciplinary action. In June Scott received a letter advising him that the Township Council had voted to terminate him. Scott requested a hearing before the Commission, which was conducted over several days in the fall of 1993. The Commission denied Scott's appeal and upheld his termination by order of November 24, 1994. On December 23, 1994, Scott filed a notice of appeal with the trial court, along with a "Rule to File Complaint," requesting that the court enter rule on the defendants "to file a complaint within twenty (20) days, or non pros. sec. reg., with respect to damages and judgment of possession." Both of these filings named as defendants the Police Department, the Township, the Township Council and Herb Phillips, individually and as Captain in the Township Police Department (Township Respondents).

The Township Respondents, on February 28, 1994, filed a petition to strike the notice of appeal and the rule to file complaint, to dismiss the additional parties and to quash the appeal. On March 4, 1994, Scott filed an amendment to his notice of appeal styled a "Petition for Review of Finding of Fact Determination of the Bristol Township Civil Service Commission." This filing was in numbered paragraph form; however, the several objections to the Commission's decision listed in Paragraph 5 were all of a general nature: "A. The Finding of Fact is in violation of the constitutional rights of the Petitioner; B. The Finding of Fact is not supported by substantial evidence; C. The Finding of Fact is not in accordance with applicable law;" and so forth.

The trial court granted the petition of the Township Respondents. In the later opinion in support of the order, the trial court quoted from Section 645 of The First Class Township Code,[1] relating to hearings on dismissals and reduction, which provides in part:

In the event the commission shall sustain the charges and order the suspension, removal or reduction in rank, the person ... shall have immediate right of appeal to the court of common pleas of the county and the case shall there be determined as the court deems proper.... Such appeal shall be taken within sixty days from the date of entry by the commission of its final order and shall be by petition.[2]

The trial court noted that Scott ignored the clear requirement of Section 645 by filing a notice of appeal and rule to file complaint. As for the petition for review Scott filed later, the trial court observed that it was devoid of substantive allegations and contained only "boiler-plate" contentions. The court concluded that the improperly filed notice of appeal, and even the attempted amendment of it in the petition for review, were so deficient as to constitute no proper petition for review of the Commission's determination at all.

Before this Court, Scott initially acknowledges that he mistakenly sought review of the Commission's determination by filing a

---

1. Act of June 24, 1931, P.L. 1206, *as amended,* added by Section 20 of the Act of May 27 1949, P.L. 1955, 53 P.S. § 55645.

2. Although the 60–day provision of Section 645 has not been deleted, this Court has held that Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b), providing a 30–day period for "an appeal from a tribunal or other government unit to a court," establishes the actual appeal period, in view of Section 20002(g) of the Judiciary Act Repealer Act, 42 Pa.S. § 20002(g), which states that "all other acts and parts of acts are hereby repealed insofar as they are in any manner inconsistent with this act...." *Guth v. South Whitehall Township Civil Service Comm'n,* 90 Pa. Cmwlth. 332, 500 A.2d 1241 (1985).

notice of appeal and rule to file complaint. He contends, however, that the prothonotary properly accepted the filing papers as an improvident appeal and treated the matter as a petition for review, in accordance with Pa. R.A.P. 1503, relating to improvident appeals or plenary actions:

> If an appeal is taken from an order of a government unit, or if a complaint in the nature of equity, replevin, mandamus, or quo warranto, or a petition for a declaratory judgment or for a writ in the nature of certiorari or prohibition is filed against a government unit or one or more of the persons for the time being conducting its affairs, as such, objecting to a determination by any one or more of them, this alone shall not be a ground for dismissal, but the papers whereon the improvident matter was commenced shall be regarded and acted upon as a petition for review of such governmental determination and as if filed at the time the improvident matter was commenced. The court may require that the papers be clarified by amendment.

The Township Respondents respond to the merits of this argument, citing various provisions of Chapter 15 of the Pennsylvania Rules of Appellate Procedure, including the technical requirements of a petition for review set forth in Pa.R.A.P. 1513, in particular the requirement of a general statement of the objections to the order or other determination sought to be reviewed.

This Court observes, however, that Pa. R.A.P. 103, relating to scope of rules, provides: "These rules govern practice and procedure in the Supreme Court, the Superior Court and the Commonwealth Court, including procedure in appeals to such courts from lower courts and the procedure for direct review in such courts of determinations of government units." The Court has held that this provision means that the Rules of Appellate Procedure do not apply to proceedings in common pleas courts. *McNeilis v. Department of Transportation,* 119 Pa.Cmwlth. 272, 546 A.2d 1339 (1988). In the absence of some local rule of procedure expressly incorporating the Appellate Rules, and none has been cited by the parties, the Appellate Rules do not apply, and Scott's contention that he filed an improvident appeal under Rule 1503 must fail.

Scott cites *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984), where the Supreme Court noted the provision in Pa.R.A.P. 105(a) and Pa.R.C.P. No. 126 that the Appellate and Civil Rules shall be liberally construed and stated that the court had long refused to give overly technical and restrictive readings and that dismissals are particularly disfavored. Scott also relies upon *Peace v. Department of Public Welfare,* 93 Pa.Cmwlth. 300, 501 A.2d 1164 (1985), where this Court concluded that the petitioner substantially complied with the requirements of Pa.R.A.P. 1513, despite the petitioner's failure to set forth specifically the basis for the Court's jurisdiction, where it was possible to ascertain the basis for jurisdiction from the language of the petition for review. Scott asserts that his timely notice of appeal and rule to file complaint, coupled with his more extensive petition for review filed shortly after receipt of the Township Respondents' petition to strike and to quash the appeal, were sufficient to preserve his appeal in the trial court.

In *Miller,* the Supreme Court reversed this Court's quashing of a petition for review as untimely, where the prothonotary actually received the petition three days after the appeal period, but the record clearly showed that the petition was timely mailed before the deadline, and the timeliness of mailing could be determined from the court records, without an evidentiary hearing. In *Peace* a pro se petitioner sought review of a decision of the Department of Public Welfare affirming a decision of Community Legal Services not to provide representation because the case he wished to pursue in federal court lacked merit and was fee-generating in nature. The Court first referred to the principle that, because the timeliness of an appeal is jurisdictional, if the filing were untimely the Court would lack jurisdiction to consider the merits of the case. Under *Miller,* the Court deemed receipt of petitioner's filing by the agency before the end of the appeal period to be evidence that it was timely mailed. The Court further held that the pleadings submitted by the petitioner provided all the information required under Pa. R.A.P. 1513. Had they not done so, the petition would have been dismissed.

In the present case, a review of the record shows that Scott's assertions as to the sufficiency of his filings are without basis. The notice of appeal, which was filed within 30 days, bears no resemblance to the petition by which an appeal is to be taken under Section 645 of The First Class Township Code.[3]

Care must be exercised in the preparation of a petition to allege the necessary averments in proper form and sufficient detail. For instance, if the grounds relied on are asserted for the first time in a brief, they are not properly before the court and the court cannot consider them.

3 Standard Pennsylvania Practice 2d § 15:14 (rev. vol. 1994) (footnotes omitted). As noted above, the trial court also took into consideration the petition for review Scott filed after the running of the appeal period, and the court concluded that it failed to state any specific grounds for Scott's appeal. This Court agrees.

Mere statements that a ruling is in violation of constitutional rights, is not supported by substantial evidence, is not in accordance with applicable law and so forth encompass all possible grounds for an appeal and so specifically state none. Even after Scott's filing of his petition for review, the trial court still was not aware of the grounds on which Scott sought to challenge the Commission's determination. Under these circumstances, the trial court did not err or abuse its discretion in concluding that Scott's filings amounted to no proper appeal of that determination at all.

Scott also asserts that the Township Respondents should have been estopped from having their challenge to the timeliness of his appeal heard because they delayed some eight months in filing a brief in support of their motion to strike, dismiss and quash. As was noted in *Peace*, the question of the timeliness of the appeal goes to the subject matter jurisdiction of the court to hear it. Such jurisdiction cannot be obtained by consent of the parties or by waiver or by estoppel. *In re Incorporation of Borough of Pocono Raceway*, 166 Pa.Cmwlth. 15, 646 A.2d

6, *appeal denied*, 539 Pa. 658, 651 A.2d 544 (1994), *cert. denied sub nom. Mattioli v. Tunkhannock Township*, —— U.S. ——, 115 S.Ct. 1693, 131 L.Ed.2d 557 (1995). Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 22nd day of December, 1995, the order of the Court of Common Pleas of Bucks County is affirmed.

---

**3.** The notice of appeal states:

Officer David M. Scott, appellee in the above-captioned matter appeals from the decision of the Township of Bristol, PA Civil Service Commission rendered on the 24th day of November 1993, and certifies that this is an appeal from a decision on the merits and not from a judgment for failure to appear or from a judgment by agreement.