**Robert ORENSHAW, Appellant,**

**v.**

**SPRINGFIELD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued May 17, 1999.

Decided July 27, 1999.

Dianne M. Sheppard, Media, for appellant.

James J. Byrne, Jr., Media, for appellee.

Before PELLEGRINI, J., LEADBETTER, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Robert Orenshaw (Orenshaw) appeals from the October 2, 1998, order of the Delaware County Court of Common Pleas (trial court) that quashed Orenshaw's appeal of the August 18, 1993, order of the Springfield Township Civil Service Commission (Commission) in which the Commission denied Orenshaw's appeal from the disciplinary action of the Springfield Township Police Department (Department). That disciplinary action terminated Orenshaw's employment with the Department for disobeying orders and conduct unbecoming an officer.

The trial court found the following facts. On September 15, 1993, Orenshaw filed a notice of appeal with the trial court from the Commission's denial of his appeal of the Department's action terminating his employment. Orenshaw took no action to advance his appeal from that September 1993 date until he filed, on February 20, 1998, a petition for review *nunc pro tunc* of a local government agency and for a hearing "partial" *de novo*.[1] The Commis-

---

1. Reasons for the lack of action are not in the record. The trial court's docket entries reflect that in January 1995, a hearing was scheduled for February 1995 and counsel was asked to submit a certified record, which was done by July 1995. Meanwhile the February 1995 hearing was postponed and rescheduled for May 1995. The trial judge for that rescheduled hearing recused himself. No further action was taken until Orenshaw secured

sion filed a motion to strike/quash the petition, which the trial court denied. The Commission later filed another motion to quash the appeal as untimely, which the trial court granted on September 25, 1998.

The trial court discussed Section 645 of the First Class Township Code (Code),[2] which provides in relevant part:

**Hearings on dismissals and reduction**

In the event the [local civil service] commission shall sustain the charges and order the suspension removal or reduction in rank, the person suspended, removed or reduced in rank shall have immediate right of appeal to the court of common pleas of the county and the case shall there be determined as the court deems proper.... Such appeal shall be taken within sixty days from the date of entry by the commission of its final order and shall be by petition. Upon such appeal being taken and docketed, the court of common pleas shall fix a day for a hearing and shall proceed to hear the appeal on the original record and such additional proof or testimony as the parties concerned may desire to offer in evidence.

The trial court found the single paragraph document that Orenshaw filed in 1993 bore no resemblance to the petition required under Section 645.[3] While the February 1998 petition Orenshaw filed included paragraphs outlining his objections to the Commission's determination, the trial court noted that the 1998 petition was filed almost four and a half years after his original notice of appeal. The trial court determined Orenshaw's petition was untimely and quashed it. In addition, the

trial court determined Section 645 did not provide Orenshaw with the *de novo* hearing he requested. Rather, the trial court quoted Section 645 and held that section provided only that the trial court hear the appeal on the original record with such additional proof or testimony as the parties may desire to offer.

Orenshaw appeals to this Court and argues the trial court erred in quashing his appeal when he had a statutory right to appeal as well as a right to have his appeal heard *de novo*. Orenshaw also argues that the trial court erred in denying his petition *nunc pro tunc*, effectively dismissing his case.[4]

█ Orenshaw contends that, regardless of what he labeled his appeal, he had a statutory right to appeal the decision of the Commission and that quashing his appeal was contrary to law for several reasons. First, he asserts the Pa. Rules of Civil Procedure do not apply, and, although the statute provides that an appeal shall be taken by petition, Orenshaw argues the legislature cannot dictate such a matter of judicial procedure, that doing so violates the separation of powers doctrine. *In re Appeal of Borough of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990). Orenshaw also asserts that the aggrieved person in these types of cases has the absolute right to have his or her appeal heard *de novo*. *DeGore v. Civil Service Commission of Allegheny County*, 124 Pa.Cmwlth. 375, 556 A.2d 29 (1989)(local agency law provision for court to hear appeal on certified record from agency not applicable to ap-

---

new trial counsel who filed the February 1998 petition.

2.  Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. § 55645.

3.  The entire text of Orenshaw's appeal states: "Appellant, Robert. L. Orenshaw, hereby appeals from the adjudication of the Springfield Township Civil Service Commission, made on August 18, 1993, which denied the appeal of Robert L. Orenshaw from the disciplinary ac-

tion taken against him by the Springfield Township Police Department." (Reproduced Record at p. 46a).

4.  Our scope of review of a decision of the court of common pleas is restricted to determining whether the evidence supported the findings or whether the trial court abused its discretion or committed an error of law. *Wesolek v. Shaler Township*, 72 Pa.Cmwlth. 224, 455 A.2d 1297 (1983).

peal governed by Deputy Sheriff's Act[5] which provides absolute right of parties to present additional evidence before trial court, which is then required to conduct *de novo* review of civil service commission's decision).

Orenshaw contends, because the Rules of Civil Procedure do not apply, the trial court has the discretion to establish a local rule of procedure. Here, Orenshaw asserts the trial court established, through Delaware County Civil Court Rule No. 27(2),[6] that appeals from administrative agencies should be heard by the trial court *de novo*. Orenshaw argues this rule makes the filing of an appeal, rather than the filing of a petition, the appropriate procedure.

The Commission counters that Orenshaw's appeal is not a mere mislabeling of the pleading, but a different character of pleading altogether. Orenshaw's notice of appeal did nothing more than notify the parties and the court of an appeal. It did not, as would a petition, set forth in numbered paragraphs the exact basis for the appeal, the law relied upon, and the facts that gave rise to the appeal.

The Commission also argues that local rule 27(2) describes the procedure for how an appeal is to be listed and heard, but says nothing about a proper pleading mechanism to be used in taking that appeal. The Commission notes, even if local practice required a notice of appeal and not a petition, the state law contained in the First Class Township Code would govern, not the local rule.

The trial court decided that *Scott v. Bristol Township Police Department*, 669 A.2d 457 (Pa.Cmwlth.1995), controlled the outcome of Orenshaw's appeal. In *Scott*, this Court affirmed an order of the trial court that quashed Scott's appeal from an order of the local civil service commission upholding his employment termination as a police officer. The *Scott* trial court quashed the appeal because Scott did not timely file his appeal and petition for review from the local civil service commission's decision and thus ignored the clear requirement of Section 645 of the Code to file a petition. Instead, Scott filed a Notice of Appeal along with a "Rule to file Complaint" requesting the court enter rule on the defendants "to file a Complaint within twenty days, or non pros. Sec. Reg., with respect to damages and judgment of possession." *Id.* at 458. We affirmed the trial court's finding that Scott ignored the clear requirement of Section 645 of the Code by filing a Notice of Appeal and Rule to File Complaint rather than filing a petition.

In Orenshaw's case, the trial court analogized that he also ignored the clear requirement of Section 645 by failing to file his petition within sixty days of the Commission's order. The trial court noted that Orenshaw's notice of appeal, like that of Scott, bore no resemblance to the petition by which an appeal is to be taken under Section 645. We agree. The *Scott* case is directly on point and Orenshaw's counsel was unable to distinguish it. In addition, *DeGore* is easily distinguished as it involved the Deputy Sheriff's Act, a statute not applicable here.

■ Orenshaw next argues the trial court abused its discretion in denying his petition *nunc pro tunc*. He asserts that, in cases where an appellant has been given a statutory or constitutional right to appeal from a civil or criminal case, it is an abuse of discretion to deny an appeal *nunc pro tunc* if extraordinary circumstances caused a misfiling of the appeal. *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d

---

**5.** Act of May 31, 1974, P.L. 296, *as amended,* 16 P.S. §§ 4206–4221.16.

**6.** That local rule provides in relevant part: "All administrative agency appeals other than zoning appeals shall be heard by the court *de*

*novo*. After the administrative officer of the municipality or hearing agency has made its return, whether or not additional evidence is required, the case shall be placed upon the appropriate list."

760 (1996). In *Stock*, the defendant was convicted of summary *criminal* traffic violations and his attorney failed to perfect a timely appeal. The Supreme Court noted that, as a general rule, an appeal *nunc pro tunc* is only granted in civil cases where there was fraud or a breakdown of the court's operations. The cases cited in *Stock* reflect that the standards which govern civil appeals *nunc pro tunc* have been expanded to include extraordinary circumstances, as well as, *non-negligent* conduct by an attorney or litigant.

Because this case is civil in nature and because the record here contains no evidence that these extraordinary circumstances are present, we conclude that the trial court was within its sound discretion to quash the appeal.

Accordingly the order of the trial court is affirmed.

### ORDER

AND NOW, July 27, 1999, the order of the Court of Common Pleas of Delaware County dated September 25, 1998, in the above-captioned matter, is affirmed.

Dissenting opinion by Judge
PELLEGRINI.

PELLEGRINI, Judge, dissenting.

I respectfully dissent to the majority's decision dismissing Robert Orenshaw's (Orenshaw) notice of appeal and subsequent petition for review as untimely filed because the notice of appeal was an improper pleading under the First Class Township Code. Just because the pleading was improperly titled was not cause for its dismissal.

After Orenshaw was terminated from his employment by the Springfield Township Police Department, he filed an appeal with the Springfield Township Civil Service Commission (Commission). The Commission affirmed the Police Department's action by order dated August 18, 1993, and Orenshaw filed a timely "notice of appeal" with the trial court on September 15, 1993. No action was taken on the case until Orenshaw filed a petition for review *nunc pro tunc* with the trial court on February 20, 1998, requesting a *de novo* hearing. The Commission filed a motion to quash the petition as untimely which the trial court granted, finding that Section 645 of the First Class Township Code [1] required Orenshaw to file a "petition" from the Commission's order rather than a "notice of appeal," and that his subsequent petition was filed over four years after his notice of appeal had been filed. The majority agrees that because Orenshaw's original pleading – the notice of appeal – was not a petition and, therefore, improper and invalid under the statute, the subsequent petition was untimely filed. I disagree with the majority because even though Orenshaw titled his pleading as a "notice of appeal" rather than as a "petition," the trial court should have allowed him to amend his pleading.

In affirming the trial court, the majority relies on our decision in *Scott v. Bristol Township Police Department*, 669 A.2d 457 (Pa.Cmwlth.1995), where a terminated civil service employee also filed a "notice of appeal" rather than a "petition" as required under Section 645 of the First Class Township Code. In that case, we held that because the notice of appeal did not provide the grounds upon which the appeal was taken, the notice of appeal was insufficient for review of the Commission's decision. We stated that the notice of appeal bore no resemblance to the petition by which an appeal was to be taken, and referred to the rules of civil procedure

---

1. Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. § 55645. That section provides in relevant part:

    In the event the commission shall sustain the charges and order the suspension, removal or reduction in rank, the person suspended, removed or reduced in rank shall have immediate right of appeal to the court of common pleas... Such appeal shall be taken within sixty days from the date of entry by the commission of its final order and *shall be by petition.* (Emphasis added.)

48

(citing 3 Standard Pennsylvania Practice 2d § 15:14 (rev.vol.1994)) as guidance as to the proper form and content of a petition.

Unlike in *Scott,* though, no one is contending here that Orenshaw's appeal was defective because it did not contain reasons for the appeal, and the First Class Township Code does not provide that reasons have to be given; the only issue presented was whether the appeal was properly titled. In any event, recently, in *Gierschick v. State Employes' Retirement Board,* 551 Pa. 585, 712 A.2d 280 (1998), our Supreme Court reversed and remanded for a determination on the merits of our August 18, 1997 order in *Gierschick v. State Employes' Retirement Board,* 733 A.2d 29 (Pa.Cmwlth.1997), where we quashed an appeal because the petition for review did not set forth the reasons that the agency erred as required by Pa. R.A.P. 1513. Pa. R.A.P. 1513 provides in relevant part:

> The petition for review shall contain a statement of the basis for the jurisdiction of the court; the names of the parties seeking review; the name of the government unit ... which made the determination sought to be reviewed; reference to the order or other determination sought to be reviewed; *a general statement of the objections to the order or other determination, and a short statement of the relief sought.* (Emphasis added.)

While *Gierschick* was a *per curiam* order, our Supreme Court apparently did not want timely filed appeals quashed just because they were misnamed when they could easily be amended. Following this reasoning, in *Rocco v. Workers' Compensation Appeal Board (Parkside Realty Construction),* 725 A.2d 239 (Pa.Cmwlth.1999), we held that where a "notice of appeal" was filed instead of a "petition for review," the appeal was not to be quashed and an amendment would be allowed to correct the notice to a petition for review with the requisite reasons required by Pa. R.A.P. 1513.

While both our Supreme Court's decision in *Gierschick* and our decision in *Rocco* involved an appeal under the Appellate Rules rather than under the First Class Township Code, both of those cases did not quash the appeal where, like here, a notice of appeal was filed rather .than a petition for review, even though Pa. R.A.P. 1513 is more stringent by requiring reasons for the appeal while the First Class Township Code does not. Because I believe that *Scott* is no longer controlling, I would reverse the trial court.