Asplundh Tree Expert Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 5, 1983, to Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Cheryl A. Furey,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 24, 1984:

This is an employer's petition for review of an order of the Unemployment Compensation Board of Review affirming a referee's decision that an employee was entitled to unemployment compensation.

The employer contended that the employee, an equipment manager, was ineligible for compensation because he was discharged for willful misconduct, consisting of the violation of the owner's direction that the employee not become involved with the employee's brother's business of selling used equipment. The employer also sold used equipment.

The employee admitted performing a service for his brother in furtherance of a sale of a piece of equipment but testified that the thing sold was not an item sold by the employer and that he had received nothing on account of the transaction.

The referee found for the employee. The employer appealed the referee's decision to the board. The employer also wrote to the board as follows:

> We are in receipt of the Referee's decision. . . . The employer disagrees. . . . We request a Board hearing to present additional testimony

and to allow appearance by additional employer representatives with firsthand knowledge of events leading to the claimant's separation.

As there are indictments pending with direct bearing on the final disposition of this claim, the employer is unable to furnish additional details at this time. The employer expects to be in a position to fully discuss the ramifications of this separation by the time the hearing is scheduled.

About two months later, the board affirmed the referee's decision without specifically ruling on the employer's application for a board hearing.

The sole question raised by the employer in its petition for review and brief is that of whether the board erred in not providing the requested hearing.

By Section 203 of the Unemployment Compensation Law, Act of December 5, 1936 [1937], P.L. 2897, *as amended,* 43 P.S. §751, the board is given power to take any action required for hearing and deciding appeals. The board is the ultimate fact-finding body in unemployment compensation cases. *Rodriguez v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 65, 408 A.2d 1191 (1979). Therefore the board could have, but was not required to, provide the employer with another hearing, having, as it is also empowered to do, committed the record-making and initial fact-finding to the referee.

Administrative rehearings are not matters of right but pleas to the discretion of the agency. *Philadelphia v. Pennsylvania Public Utility Commission,* 185 Pa. Superior Ct. 598, 138 A.2d 698 (1958). The denial of an application for rehearing will be reversed only for clear abuse of discretion. *Mississippi East, Inc. v. United States,* 301 F. Supp. 1332 (W.D. Pa. 1969). An application for rehearing may be refused where it is

not apparent that the evidence which the applicant proposes to adduce was not available at the original hearing.

It is not apparent that the additional evidence which the employer desired to adduce at a board hearing was not available to it at the time of the referee's hearing; indeed there is indication in the application that it was then available, because it is described as knowledge possessed by employer representatives.

Having concluded that the board did not commit an abuse of discretion with respect to the employer's application for rehearing, we affirm.

ORDER

AND Now, this 24th day of January, 1984, the order of the Unemployment Compensation Board of Review made October 9, 1981 is affirmed.