Anthony Peace, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs September 24, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Anthony Peace,* petitioner, for himself.

*Jean E. Graybill,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, December 5, 1985:

Anthony Peace[1] petitions for review of an order of the Pennsylvania Department of Public Welfare (DPW). That order denied his appeal and upheld the decision of the Community Legal Services (CLS) to deny legal services to him in connection with a civil lawsuit. We affirm.

The pertinent facts are as follows. Peace was terminated by the Southeastern Pennsylvania Transpor-

---

[1] DPW's records show the name of Howard Anthony Peace and it is in that name that DPW's adjudication is issued. Peace apparently uses his middle name as his proper name and it is in that name that he filed his appeal with this Court.

tation Authority (SEPTA) from his job as a bus driver on April 22, 1982. He unsuccessfully challenged his discharge through a union grievance procedure and was not rehired. In 1983, he filed suit in federal district court against SEPTA and his former supervisor for wrongful discharge seeking reinstatement to his former position as well as back pay and damages. That suit was dismissed and he subsequently amended it to include a discrimination claim. That amended complaint was dismissed after a hearing on February 28, 1984.

On January 24, 1984, Peace applied to the CLS for legal representation in his civil suit against SEPTA. After reviewing his case and based upon the information which CLS gleaned from the prior proceedings, it notified him on April 16, 1984 that it would not represent him in that it concluded that his case lacked legal merit and was fee-generating. CLS is prohibited from taking fee-generating cases by 42 U.S.C. §1397. Peace appealed the CLS denial and a fair hearing was held before a Hearing Examiner on August 9, 1984. Five witnesses whom Peace desired to call and testify were not present at that time but he elected to proceed without them. On October 19, 1984, the Hearing Examiner entered an order in which Peace's appeal was denied and the CLS decision was upheld. He appealed that order to the Office of Hearings and Appeals of DPW which affirmed the Hearing Examiner in an adjudication dated October 22, 1984. Peace's request for reconsideration was denied by a final order dated January 28, 1985. It is from that final order of January 28, 1985 that Peace now petitions for review.

In this appeal, Peace contends that (1) DPW erred when it upheld the CLS conclusion that his case was without legal merit and (2) that he is entitled to

a rehearing where the five absent witnesses could testify regarding the merits of his case. DPW has moved to dismiss the appeal as untimely and for failure of Peace to comply with the Rules of Appellate Procedure. We shall first address DPW's motion to dismiss and then turn to the merits of Peace's appeal, mindful of our limited scope of review of a DPW adjudication.[2]

The first prong of DPW's motion to dismiss is that Peace failed to file his petition for review with the prothonotary of this Court within thirty days from the entry of DPW's final order as required by Pa. R.A.P. 1512(a)(1). Since the timeliness of an appeal is jurisdictional in nature, if Peace's appeal is untimely, we are without jurisdiction to hear the merits of his case. *St. Clair v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commonwealth Ct. 561, 493 A.2d 146 (1985). Here, Peace's appeal was received by our prothonotary on February 28, 1985. Computing time as directed by Section 1908 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1908, to exclude the first day but to include the last day of such period, Peace's appeal was filed *thirty-one* days after the entry of DPW's final order. We had previously held that where a petitioner is even only one day late in filing his appeal we are without jurisdiction to entertain the appeal. *Kulovitis Trucking v. Workmen's Compensation Appeal Board (Miller),* 16 Pa. Commonwealth Ct. 417, 332 A.2d 892 (1975). Nor-

---

[2] Our scope of review of a DPW adjudication is limited to determining whether necessary findings are supported by substantial evidence, an error of law committed, or whether any constitutional rights of the petitioner were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kratzer v. Department of Public Welfare,* 85 Pa. Commonwealth Ct. 318, 481 A.2d 1320 (1984).

mally, we would be disposed to agree with DPW and grant the motion to dismiss.

In this case, however, DPW concedes that Peace mailed his request which our Court accepted as a petition for review within the thirty day appeal period. However, he directed his appeal to DPW who received it on February 26, 1985. DPW then forwarded his correspondence to this Court where it was received on February 28, the thirty-first day after DPW's final order. On these facts, we are persuaded that Peace substantially complied with Pa. R.A.P. 1514 (a) so as to be entitled to utilize the date of mailing to constitute the date review of DPW's order was sought. Our conclusion is mandated by our Supreme Court's decision in *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984). In *Miller,* our Supreme Court held that the appellant had substantially complied with Pa. R.A.P. 1514(a) even though he had failed to attach Postal Service Form 3817 to prove timely mailing. Although this Court did not receive Miller's petition for review until three days after the expiration of the appeal period, the Supreme Court held that the record was clear that the petition was timely mailed, and thus timely filed. *Id.* at 10-11, 476 A.2d at 365. Here, Peace's correspondence was actually received by DPW on February 26, on the day *prior* to the expiration of the appeal period. Since it was received by our prothonotary on February 28, DPW must have forwarded it to this Court no later than February 27, the last day of the appeal period. Therefore, the record is sufficiently clear that Peace's petition for review was mailed timely and under *Miller* his appeal will be considered as timely.

DPW next argues that Peace's appeal should be dismissed due to his failure to comply with the Rules

of Appellate procedure, specifically Pa. R.A.P. 1513, which sets forth the required elements of a petition for review.[3] Our review of the pleadings[4] filed by Peace satisfies us that there has been substantial compliance with Rule 1513 so as to survive DPW's motion to dismiss. They contain the essential elements required by Rule 1513 with the sole exception of the basis for this Court's jurisdiction. However, we have previously held that where we could ascertain the basis for our jurisdiction, although such a statement was lacking in the petition for review, we would not strike the petition as it would only serve to delay the ultimate resolution of the problem. *Parker v. Department of Public Welfare*, 49 Pa. Commonwealth Ct. 619, 411 A.2d 897 (1980). Accordingly, we shall deny DPW's motion to dismiss and shall proceed to address the merits of Peace's contentions.

Peace's first contention is that DPW erred when it upheld the CLS determination that it could not provide him with legal services in that it concluded that his case was without legal merit and, in the alternative, fee-generating. CLS based its determination on the legal merits of Peace's case against SEPTA

---

[3] Pa. R.A.P. 1513 requires that a petition for review contain a statement of the basis for the jurisdiction of the court, the names of the parties seeking review, the name of the government unit which made the order sought to be reviewed, reference to the order sought to be reviewed, a general statement of the objections to the order, and a statement of the relief sought.

[4] There were two documents filed by Peace which we treat as a petition for review under Pa. R.A.P. 1513. The first is his initial request for relief which was sent to DPW which forwarded it to our Prothonotary's office. The second document is a form petition for review which Peace completed in longhand and returned to our Prothonotary's office. Those two documents contain all of the information required, albeit in a rough and disjointed form, that Pa. R.A.P. 1513 requires except a statement of the basis of this Court's jurisdiction.

upon the information which Peace provided in his application as well as CLS' independent investigation into the background of his dismissal from SEPTA. CLS concluded, supported in part by the unsuccessful union grievance hearing and the two dismissals of his prior federal lawsuits, that his case was without merit. Before CLS denied Peace's application for legal services, it referred his case to both the CLS Central Office and the Penn Legal Assistance Office for evaluation. Both of those offices concurred in the initial CLS determination that the case was without legal merit. The CLS decision that Peace's case against SEPTA was without legal merit is supported by substantial evidence.

We have previously held, in the context of a CLS denial of legal services, that lawyers are not only justified in refusing to represent a client in a matter the lawyer knows to be without legal merit but that the lawyer is mandated not to do so. *Albright v. Department of Public Welfare*, 71 Pa. Commonwealth Ct. 114, 454 A.2d 1149 (1983). The United States Supreme Court has also held that it is the obligation of any lawyer—whether privately retained or publicly appointed—not to clog the courts with frivolous motions or appeals. *Polk County v. Dodson*, 454 U.S. 312, 323 (1981).

In addition, the Rules of Professional Responsibility adopted by our Supreme Court to govern the conduct of lawyers make it unethical for a lawyer to knowingly represent a client by bringing an action or motion which the lawyer knows to be totally without merit. Ethical Consideration EC 7-4 states that a lawyer is not justified in asserting a position in litigation that is frivolous. Disciplinary Rule DR 7-102(A)(2) provides that a lawyer shall not advance a claim or defense that the lawyer knows is unwar-

ranted under existing law. Therefore, CLS was mandated, upon a determination that Peace's case lacked legal merit, to refuse to provide legal services to him in the prosecution of that claim.

CLS was further precluded from representing Peace in that he was seeking both back pay and damages. Those claims make the case a fee-generating case which CLS is precluded from accepting under 42 U.S.C. §1397. A case is "fee-generating" where it creates a fund out of which a lawyer's fee can be paid. *Cf. Ford Aerospace v. Workmen's Compensation Appeal Board (Davis)*, 83 Pa. Commonwealth Ct. 584, 478 A.2d 507 (1984) (counsel fee award under Pennsylvania Workmen's Compensation Act based upon entire amount awarded since counsel created a workmen's compensation fund on behalf of his client). Were Peace to prevail on his claim for back pay and damages, there would certainly be a fund created by counsel's efforts out of which fees could be paid. Accordingly, CLS was correct in its characterization of the case as fee-generating which it was prohibited by 42 U.S.C. §1397 from taking.

We shall now turn to Peace's final contention which is that he was denied due process when DPW failed to afford him a rehearing on his appeal of the CLS denial of legal services so that five witnesses who were absent from his August 9, 1984 hearing could appear and testify. Peace admits that at the time of his initial hearing, he elected to proceed with the hearing despite the absence of those five witnesses. It was only after the hearing officer's adjudication was issued in October, 1984, which dismissed his appeal, did he request a rehearing and the presence of those five witnesses. We have previously recognized that there is no right to a rehearing before an administrative agency, rather, the decision

whether or not to grant a rehearing rests within the discretion of the agency. *Asplundh Tree Expert Co. v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 7, 470 A.2d 1097 (1984). The decision of an agency to deny a rehearing will not be reversed unless a clear abuse of discretion is shown. *Fritz v. Department of Transportation,* 79 Pa. Commonwealth Ct. 52, 468 A.2d 538 (1983). Where it is apparent that the evidence which the applicant proposes to introduce at the rehearing was available at the original hearing, the application for a rehearing can be properly denied. *Asplundh,* 80 Pa. Commonwealth Ct. at 10, 470 A.2d at 1098-1099. On these facts, we do not feel that DPW abused its discretion nor denied him due process when it failed to permit him a rehearing on his appeal.

Having found DPW's findings to be supported by substantial evidence and no errors of law committed nor violations of constitutional rights, we shall affirm DPW's adjudication.

### ORDER

Now, December 5, 1985, the motion to dismiss of the Department of Public Welfare is denied and the order of the Department of Public Welfare dated January 28, 1985, is hereby affirmed.