591 A.2d 1164

**Matthew L. TYLER, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 1991.

Decided May 9, 1991.

Reargument Denied July 15, 1991.

600

John Stember, for petitioner.

John E. Herzog, Asst. Counsel, for respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Matthew Tyler (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of a referee disallowing Claimant unemployment benefits. The issues presented for our determination are whether the Claimant's appeal must be dismissed as untimely, whether the Claimant has waived the issues argued in his brief by failing to state them in his petition for review, and finally, whether the the Board erred in affirming the referee's decision that Claimant did not

establish necessitous and compelling health reasons for leaving his employment.

Claimant was employed by Roche Bio–Medical Labs (Employer) at a facility of the Medical Diagnostic Laboratory in Pittsburgh from March 1988 until August 9, 1989. Claimant was under a doctor's care for a respiratory problem and underwent surgery on June 22, 1989. Claimant was advised by his physicians to move to a warmer climate since the winter climate in Pittsburgh would aggravate his condition. Employer was aware of Claimant's need for surgery, however, Claimant did not inform Employer that his proposed move was motivated by health reasons. Claimant's resignation letter indicated that he was leaving work in August, 1989 "due to a necessary time allotment in order to relocate to Puerto Rico to avail myself for [sic] continued employment with Roche Biomedical Laboratories." [1] On or about August 10, 1989, Claimant informed Employer that he would not be returning to work. Continuing work in Pittsburgh was available to Claimant at the time. No employment opportunity was available to Claimant in Puerto Rico at this time.

Claimant's application for unemployment compensation was denied. Claimant appealed and a telephone hearing was held before a referee on November 15, 1989. At this hearing, Claimant testified that he believed there was no reason to inform his employer of the health factors influencing his decision to move. Notes of Testimony, November 15, 1989 (N.T. 11/15/89) at 6. He also testified that reports that the contract between Roche Bio–Medical Labs and Medical Diagnostic Laboratory would expire at the end of the year contributed to his decision to move. N.T. 11/15/89 at 5, 6. By decision dated November 18, 1989 the referee denied benefits. Claimant then appealed to the Board, which denied Claimant benefits, ruling that he failed to prove a necessitous and compelling reason for leaving employment under § 402(b) of the Pennsylvania Unemploy-

---

1. Employer's Exhibit No. 1.

ment Compensation Law (Law).[2]  The Board's decision was mailed on June 8, 1990.

On July 13, 1990, this court received a letter from Claimant, acting *pro se*, stating his intention to appeal the Board's decision.  The envelope in which the letter arrived was postmarked July 7, 1990.  By letter dated July 16, 1990, the Chief Clerk advised Claimant that he was required to file a petition for review with the court, but that July 13, 1990 was preserved as his date of appeal.  The Chief Clerk's letter conforms with Internal Operating Procedure § 211 (permitting a *pro se* party to preserve the date of receipt by the chief clerk of a written intention to appeal as the filing date prior to filing a petition for review), 201 Pa.Code § 67.13.[3]

The Board filed a motion to quash Claimant's appeal on the grounds that it was untimely, having exceeded the 30 day limit imposed on appeals from Board determinations.  Pa.R.A.P. 1512(a)(1).  By order entered November 9, 1990, this Court directed that the parties brief the issues raised in the Board's motion as well as the merits of the case.

█   First, we will deal with the question of whether Claimant filed a timely appeal.  The timeliness of an appeal is jurisdictional in nature.  *St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa.Commonwealth Ct. 561, 571, 493 A.2d 146, 153 (1985).

Pa.R.A.P. 1514(a) provides:

**2.**  Act of December 5, 1936, Second Ex.Sess.P.L. (1937) 2897, *as amended* 43 P.S. § 802(b).

**3.**    § 211 **Petition for Review;  Clarification**—Upon receipt by the chief clerk from a pro se party of a written communication which evidences an intention to appeal, the chief clerk shall timestamp the writing with the date of receipt.  The chief clerk shall advise the party by letter (1) as to the procedures necessary to perfect the appeal, and (2) that the date of receipt of the pro se communication will be preserved as the date of filing of the appeal on condition that the party files a proper petition for review within thirty days of the date of the letter from the chief clerk.  If the party fails to file a proper petition for review within that period, the chief clerk shall advise the party by letter that the court will take no further action in the matter.
201 Pa.Code § 67.13.

"The petition for review ... shall be filed with the prothonotary of the appellate court. If the petition for review is transmitted to the prothonotary by first class mail, the petition shall be deemed received by the prothonotary for the purposes of Rule 121(a) (filing) on the date deposited in the United States mail, as shown on a U.S. Postal Service Form 3817 certificate of mailing. The certificate of mailing shall show the docket number of the matter in the government unit and shall be either enclosed with the petition or separately mailed to the prothonotary. Upon actual receipt of the petition for review, the prothonotary shall stamp it with the date of actual receipt. That date, or the date of earlier deposit in the United States mail as prescribed by this subdivision, shall constitute the date when review was sought ..."

Claimant contends that he made substantial efforts to obtain the correct postal form, but was unable to find one in any of the several post offices he visited in Puerto Rico. Claimant cites the case of *Miller v. Unemployment Compensation Board of Review*, 505 Pa. 8, 476 A.2d 364 (1984) for support of his contention that substantial compliance with Pa.R.A.P. 1514(a) is sufficient. In *Miller*, the Pennsylvania Supreme Court held that a petition for review which had been received after the 30–day filing period had expired should not have been dismissed for untimeliness, even though it did not bear a Form 3817, having been mailed after 5 p.m., when these forms were unavailable. The Court found that the known operation of the mails, in combination with Commonwealth Court docket records, was sufficient to establish that the petition could not possibly have been mailed any later than the last day of the filing period.

In *Peace v. Department of Public Welfare*, 93 Pa.Commonwealth Ct. 300, 501 A.2d 1164 (1985), the court found that the Claimant had substantially complied with Pa.R.A.P. 1514(a) by erroneously mailing his petition for review to the Department of Public Welfare (DPW). The petition arrived at the prothonotary's office one day late, but DPW received

the petition on the day before the expiration of the filing period. The court found that the last day for DPW to have forwarded it was on the final day of the filing period, consequently "the record [was] sufficiently clear that Peace's petition for review was mailed timely." *Peace*, 93 Pa.Commonwealth Ct. at 304, 501 A.2d at 1167.

■ The present case involves the posting of a letter of intention to appeal, and judging by the postmark, it was mailed within the 30–day filing period. But this letter, in and of itself, is not a petition for review, as in *Miller* and *Peace*. Internal Operating Procedure § 211 provides that the date of *receipt* of a letter evidencing an intention to appeal will be preserved as the date that a petition for review will be filed, and does not have any provision stating that mail deposit, with or without a postal form, is sufficient to satisfy its requirements.

■ Neither party disputes that Claimant's letter of intention to appeal was received on July 13, 1990, a date outside the required filing period. § 211 does not rescue Claimant's petition from untimeliness, because § 211 only preserves a date within the filing period for Claimant's petition when a letter of intention to appeal is *received* within the statutory period.[4] Unlike Pa.R.A.P. 1514(a), for purposes of § 211 the date that Claimant's letter of intention to appeal was *mailed* is irrelevant. Consequently, we hold that Claimant's appeal must be dismissed as untimely.

Even if we were to hold Claimant's appeal to be timely, the Board argues that Claimant is precluded from arguing any issue other than those raised in his petition for review. Claimant's petition for review, as distinguished from his letter of intention to appeal, does not contain the issues argued in Claimant's brief. As the Board points out in its

4. We note that Claimant's notice of intention to appeal cannot be construed as a petition for review, so as to trigger the "substantial compliance" standard articulated in *Peace* and *Miller*. Although the letter contains the case number, decision number, and agency from which Claimant appeals, it contains no indication of the basis for the appeal, as required in a petition for review.

brief, the only objection raised in Claimant's petition for review is the Board's failure to provide Claimant with a transcript of the November 15, 1989 hearing prior to its decision of June 8, 1990. Claimant's petition asserts that this failure "denied [him] the opportunity to enter into evidence adequate and accurate pertinent testimony." Claimant has not briefed this issue.

When a Claimant appeals an issue, but fails to address the issue in his brief, the issue is waived. *See Savage v. Unemployment Compensation Board of Review*, 89 Pa.Commonwealth Ct. 61, 67, n. 6, 491 A.2d 947, 950, n. 6 (1985). Claimant has not briefed the issue of the Board's failure to provide him with a transcript prior to its decision. On the other hand, where a Claimant fails to include an issue in his petition for review, but addresses the issue in his brief, this court has declined to consider the issue, since it was not raised in the stated objections in the petition for review, nor "fairly comprised therein" in accordance with Pa.R.A.P. 1513(a). *See Pierce v. Pennsylvania Board of Probation and Parole*, 46 Pa.Commonwealth Ct. 507, 509, n. 1, 406 A.2d 1186, 1187, n. 1 (1979).

Additionally, if we were to address the merits of Claimant's case, we would have to uphold the order of the Board, and find that Claimant failed to demonstrate a necessitous and compelling cause for his voluntary termination of employment, as required by Section 402(b) of the Law.

Although a health problem may constitute a necessitous and compelling reason for voluntary termination of employment, a claimant must prove by competent evidence that a problem sufficient to justify termination existed *at the time* of termination. *Wychunas v. Unemployment Compensation Board of Review*, 71 Pa.Commonwealth Ct. 135, 137, 454 A.2d 215, 216 (1983) (emphasis added). *See also Pfeffer v. Unemployment Compensation Board of Review*, 33 Pa.Commonwealth Ct. 601, 382 A.2d 511 (1978) (to establish necessitous and compelling cause for termi-

nation of employment, a claimant must demonstrate he is physically or emotionally unable to continue working). Here Claimant did not leave his employment because his health was in imminent danger. There is no indication from the record that Claimant's health would be impaired before the onset of cold weather.

■ Also, although Claimant argues that his choice to leave Pittsburgh in August was reasonable because he wanted to settle in Puerto Rico and be there if a job became available, there was no definite job available when he quit. The mere possibility of other employment is not sufficient to constitute cause of a necessitous and compelling nature for voluntarily terminating one's employment. *Top Oil Company v. Unemployment Compensation Board of Review*, 88 Pa.Commonwealth Ct. 336, 488 A.2d 1209, 1211 (1985). *See also Steinberg v. Unemployment Compensation Board of Review*, 34 Pa.Commonwealth Ct. 294, 383 A.2d 1284 (1978).

In light of the foregoing, we hold that Claimant's appeal is untimely, and must be dismissed.

KELLEY, J., concurs in the result only.

### ORDER

AND NOW, this 9th day of May, 1991, the motion of the Unemployment Compensation Board of Review to quash Matthew Tyler's appeal in the above-captioned matter is hereby granted.