**F.R. & S., INC., d/b/a Pioneer Crossing Landfill, Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 7, 2000.

Decided Sept. 13, 2000.

Reargument Denied Nov. 22, 2000.

As Corrected Dec. 1, 2000.

William F. Fox, Jr., Harleysville, for petitioner.

Beth Liss Shuman, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, FLAHERTY, Judge, and RODGERS, Senior Judge.

FLAHERTY, Judge.

F.R. & S., Inc., doing business as Pioneer Crossing Landfill (Pioneer) petitions for review from an adjudication of the Environmental Hearing Board (EHB) which affirmed a civil penalty of $334,500.00 assessed by the Department of Environmental Protection (Department) against Pioneer for violations of the Solid Waste Management Act (Act)[1], Department regulations and Pioneer's facilities permit. We affirm.

Pioneer owns a municipal waste landfill which operates under a Solid Waste Permit issued by the Department. The landfill is approximately 92.4 acres in size and is located in a residential area. Approximately fifteen acres in an older section of the landfill are at issue in this case.

In August 1994, the Department determined that disposal was complete in the older portion of the landfill and notified Pioneer that under the Department's regulations Pioneer was obligated to cap the fifteen acres in the older portion within

---

1. Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. § 6018.101–§ 6018.1003.

one year. In September 1995, Pioneer requested an extension of time in which to cap the fifteen acre portion of the landfill. When requesting the extension, Pioneer assured the Department that the project could be started around July 1, 1996 and be completed by September 15, 1996. In response, the Department modified Pioneer's permit to require that the capping be completed by December 31, 1996 and that a gas extraction system be installed in conjunction with the cap because of the potential for gas migration. The gas extraction system had to first be approved by the Department before being installed and Pioneer was aware that Department approval was needed.

During 1996, various inspections of Pioneer's landfill were conducted by the Department. In addition, letters were sent to Pioneer inquiring about the capping plan and discussions were held with Pioneer concerning the capping plan. On October 4, 1996, the Department issued an Administrative Order to Pioneer requiring, among other things, that Pioneer submit an application for plan approval of the gas management system for the acreage in question within fourteen days. This order was not appealed by Pioneer and a plan was submitted. On November 6, 1996, the Department issued another Administrative Order requiring Pioneer to install gas collection wells within twenty days, in accordance with the plan it had submitted to the Department in October. Pioneer did not appeal this order.

Also, during 1996 and 1997 odors emanated from the landfill causing nearby res-

idents to complain.[2] In addition, a Department witness testified that the gas levels at the landfill during this time presented a potential danger to the adjacent structures and occupants of nearby properties. During an August 26, 1996 inspection, samples from Pioneer's gas monitoring wells indicated that the wells contained explosive levels of combustible methane gas. These problems were attributed to the fact that Pioneer had not installed a gas ventilation system in the fifteen acre portion of the landfill which was to be capped.

Pioneer did not complete the required capping project on the fifteen acres in question by the December 31, 1996 deadline set by the Department. The capping project was finally certified as completed on May 12, 1997.

On October 14, 1997, the Department issued a civil penalty of $352,000.00 against Pioneer which, in part, imposed a $315,000.00 penalty for missing the December 31, 1996, capping deadline.[3] Pursuant to 25 Pa.Code § 271.411(d)(2) the Department is required to issue a civil penalty against a person who fails to cap its landfill within the time required by applicable regulations and the approved operation plan.

Pioneer appealed to the EHB.[4] Pioneer did not dispute that a civil penalty was appropriate in this instance because it admitted that it did miss the capping deadline. However, Pioneer did dispute whether the $315,000.00 penalty for missing the capping deadline was reasonable. The

---

2. Notices of violation were issued to Pioneer on September 19 and 23, 1996 and October 4, 1996, due to the odors at the landfill.

3. This $315,000.00 total represented a $17,500 penalty for each week of the eighteen weeks that Pioneer did not have the project completed after the deadline.

4. In its appeal to the EHB, Pioneer raised a claim of discriminatory enforcement alleging that other landfills in the region were treated differently and assessed lower or no penalties for failing to cap as required. After extensive

discovery and filings, the Department filed a motion for summary judgment on the issue which was granted by the EHB on September 3, 1998, dismissing Pioneer's discriminatory enforcement claim. The EHB found that Pioneer had not provided any evidence that these other landfills were significantly similar to Pioneer and that the only reason those landfills were treated differently was because they were municipally owned. The EHB stated that all Pioneer had shown was that under different facts the Department acted differently in prosecuting two other landfills.

EHB affirmed the $315,000.00 civil penalty for missing the capping deadline. However, it reduced the overall penalty from $352,000.00 to $334,500.00.[5] Pioneer then petitioned this Court for review of the reasonableness of the $315,000.00 portion of the penalty for missing the capping deadline.

Pioneer raises two issues for our review related to the reasonableness of the penalty. First, Pioneer asks whether the EHB committed an error of law by excluding relevant evidence relating to the reasonableness of the assessed penalty for missing the capping deadline, and second, it asks whether the EHB committed an error of law by failing to make sufficient findings of fact necessary to resolve issues raised by the evidence which are relevant to the reasonableness of the assessed penalty.[6]

First, Pioneer argues that the EHB erred when it would not allow Pioneer to introduce evidence at the hearing concerning other landfills in the same region that had missed their capping deadlines by periods of time in excess of the number of days that Pioneer had missed its deadline, but were assessed no penalty or a smaller penalty than Pioneer. The Department argues that Pioneer has waived review of this issue because the EHB granted the Department's motion for summary judgment on the issue of discriminatory enforcement and Pioneer did not specifically raise the summary judgment issue before this Court. After review of the record we must agree with the Department.

The record indicates that Pioneer raised in its notice of appeal to the EHB the issue of discriminatory enforcement, *i.e.* that the Department did not assess other landfills in the region penalties in the amount that Pioneer had been assessed. The Department filed a motion for summary judgment on the issue of discriminatory enforcement. In a decision and order dated September 3, 1998, the EHB granted the Department's motion for summary judgment on the issue of discriminatory enforcement finding that Pioneer had not provided any evidence that these other landfills were significantly similar to Pioneer. The EHB also found that all Pioneer had shown was that under different facts and circumstances the Department acted differently in prosecuting two other landfills.

Again at the hearing before the EHB, Pioneer attempted to introduce evidence that other landfills had been treated differently by the Department in assessing penalties and had been given lower penalties. Again, the EHB denied the admission of the evidence because the issue had already been decided by the grant of the motion for summary judgment.

In its brief to this Court Pioneer makes no mention of the Department's motion for summary judgment, the EHB's grant of that motion or that the grant of summary judgment was in error. It is not in the procedural or factual history, in the Statement of Questions for Review or in the Argument section of the brief. While a review of the Petition for Review reveals that Pioneer raised the issue that the grant of summary judgment was in error, when a party appeals an issue, but fails to address the issue in its brief, the issue is

---

5. Pioneer was also assessed a $19,500.00 civil penalty for elevated gas levels, turning off power to a sump pump for the leachate collection system and for failing to provide adequate intermediate cover in a specified area. However, Pioneer does not challenge these penalties and they are not before the Court at this time.

6. This Court's review is limited to determining whether the EHB's findings of fact are

supported by substantial evidence and whether constitutional violations or errors of law were committed. A reviewing court may not substitute its judgment for that of the EHB, and the Court will uphold the EHB's determination if the penalties reasonably fit the violations found. *Westinghouse Electric Corporation v. Department of Environmental Protection*, 745 A.2d 1277 (Pa.Cmwlth.2000).

waived. *Tyler v. Unemployment Compensation Board of Review*, 139 Pa.Cmwlth. 598, 591 A.2d 1164 (1991). Therefore, we must conclude that because Pioneer did not specifically raise in its brief to this Court the issue of the disposition of the motion for summary judgment, whether the grant of that motion and the subsequent disallowance of the testimony that Pioneer sought to introduce into the record were proper according to the law, review of the issue by this Court has been waived.[7]

■ Even had this Court not concluded that review of the issue had been waived, Pioneer's argument that the Board erred in disallowing the desired evidence is not persuasive.

Section 605 of the Act provides in pertinent part that:

In determining the amount of the penalty, the department shall consider the willfulness of the violation, damage to air, water, land or other natural resources of the commonwealth or their uses, cost of restoration and abatement, savings resulting to the person in consequence of such violation and other relevant factors.

Pioneer argues that the phrase "other relevant factors" in Section 605 requires the Department and the Board to always consider penalties assessed against other landfills for prior violations when assessing penalties against new violators. We do not find this interpretation persuasive.

This Court cannot conclude that what other landfills may have been penalized would be relevant. When summary judgment was entered against Pioneer by the EHB, the EHB had obviously decided that Pioneer did not present any evidence that the other landfills were significantly similar to Pioneer. When the facts and circumstances in each landfill case are not proven to be similar, the penalties in those cases are not relevant. As stated previously, a reviewing Court may not substitute its judgment for that of the EHB. After reviewing the extensive discovery and filings, the EHB concluded that these other landfills were not similar and, therefore, not relevant. We will not disturb this judgment.

■ Moreover, the fundamental consideration in determining the admissibility of evidence is whether the evidence is relevant to the fact to be proved. *American Auto Wash, Inc. v. Department of Environmental Protection*, 729 A.2d 175, 179 (Pa.Cmwlth.1999). Relevancy is determined on a case by case basis. In the instant case the Department's witness testified that other specific landfills were not considered in assessing the penalty against Pioneer. (N.T. of Steiner at 587). If other landfills were not considered by the Department then testimony concerning what they may have been penalized would not be relevant.

Next, Pioneer argues that the EHB committed an error of law by failing to make sufficient findings of fact necessary to resolve issues raised by the evidence which are relevant to the reasonableness of the assessed penalty. Pioneer alleges that it presented credible evidence concerning a number of other relevant factors relating to the unreasonableness of the civil penalty, but that the EHB failed to make findings of fact concerning these other relevant factors.

Among these other relevant alleged factors Pioneer argues that the EHB should have made findings concerning the testimony from the Department that even had Pioneer done everything right, it still could

---

7. It appears from the record that after the grant of summary judgment, Pioneer again asked the EHB at the hearing if it could introduce the desired evidence. It appears that Pioneer's brief argues that the EHB's denial of the request at the hearing was in error. However, this issue had already been resolved by the grant of the motion for summary judgment and it was the issue of the grant of summary judgment which should have been raised to this Court.

not have met its capping deadline. Another relevant factor alleged by Pioneer is that testimony indicates that the gas migration problem for which they were assessed a penalty between January 1, 1997 and May 11, 1997, had been brought under control by the end of January 1997. A third alleged relevant factor concerns the odor which emanated from the landfill. Pioneer argues that the testimony at the hearing covered a period from 1996 through May 1997. Pioneer argues that because it was only being penalized for the period of time from January 1, 1997 to May 11, 1997, if odors had been eliminated before that period they should not have been penalized for odors before January 1, 1997.

The Department argues that all necessary findings were made and that the EHB is not required to make findings of fact concerning arguments which the EHB finds unpersuasive and which are not based on the evidentiary record. The Department argues that just because Pioneer prefers its own evidence over the evidence found credible by the EHB, it does not mean that the EHB made insufficient findings of fact.

■ This Court has held that while an adjudication must include all findings necessary to resolve issues raised by the evidence which are relevant to the decision, it need not always include findings regarding all allegations and defenses raised by a party. *Van Duser v. Unemployment Compensation Board of Review*, 164 Pa. Cmwlth. 96, 642 A.2d 544 (1994). Furthermore, it is not the province of this Court to reverse credibility determinations by the trier of fact. *Al Hamilton Contracting Co. v. Department of Environmental Protection*, 680 A.2d 1209 (Pa.Cmwlth.1996).

■ Our review of the record and the briefs indicates that Pioneer would have this Court rely on Pioneer's preferred version of the facts and not those found by the EHB, the trier of fact. The EHB was responsible for deciding whether the pen-

alty reasonably fit the violation based upon the evidence presented. The EHB was not required to make findings of fact on every allegation raised by the parties, it was only responsible for making necessary findings of fact. We conclude the EHB made the necessary findings of fact in this case.

■ It is recognized that this Court will not substitute its judgment for that of the EHB. As long as the penalties "reasonably fit" the violations, the Court will uphold the Board's determination. *Wilbar Realty, Inc. v. Department of Environmental Resources*, 663 A.2d 857 (Pa.Cmwlth.1995), appeal denied, 544 Pa. 619, 674 A.2d 1079 (1996). This Court has not elaborated on this standard, but it has stated that a penalty does not reasonably fit the violations where it "would strike at one's conscience as being unreasonable." *United States Steel Corp. v. Department of Environmental Resources*, 7 Pa.Cmwlth. 429, 300 A.2d 508 (1973). Based on the record we cannot conclude that the $315,000.00 civil penalty assessed by the EHB was not reasonable or that it strikes at this Court's conscience as being unreasonable. Pioneer was aware in late 1995 that according to the Department's regulations it was responsible for capping the fifteen acre portion of its landfill. The Department granted an extension of time to December 31, 1996, for Pioneer to accomplish this task when Pioneer assured the Department that the task could be started by July 1, 1996 and completed by September 15, 1996. Even with this extension of time and after receiving various administrative orders and notices of violations, Pioneer did not complete the task by the deadline and created a situation that could have harmed people and property adjacent to the landfill. Therefore, we conclude that the $315,000.00 civil penalty for missing the capping deadline was reasonable and the order of the EHB is affirmed.

### ORDER

AND NOW, this 13th day of September, 2000, the order of the Environmental

Hearing Board at Docket No. 97–247–MG, dated May 19, 1999, is affirmed.