# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| J. G., | : | SEALED CASE |
| Petitioner | : | |
| | : | No. 381 C.D. 2018 |
| v. | : | Submitted: March 14, 2019 |
| | : | |
| Department of Human Services, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE ANNE E. COVEY, Judge (P.)
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: April 23, 2019**

## I. Introduction

In this sealed child abuse expunction case, J.G. (Mother) petitions for review of an order of the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA), that denied her appeal from an indicated report identifying Mother and her husband, R.W. (Stepfather), as perpetrators of child abuse as defined by the Child Protective Services Law (CPSL), 23 Pa. C.S. §§6301-6386. The report identified Mother's then six-year-old son, J.P. (Child), as the victim of the abuse. The BHA adopted, in its entirety, a recommendation by Barbara Shadie Nause (ALJ Nause) to deny Mother's appeal on the basis that the County of Philadelphia Department of Human Services (County DHS) successfully met its burden of producing substantial evidence of Mother's physical abuse of Child.

Mother contends ALJ Nause's recommendation, which the BHA adopted, is legally erroneous and unsupported by substantial evidence. In particular, Mother asserts ALJ Nause erroneously applied the rebuttable evidentiary presumption of abuse in Section 6381(d) of the CPSL, 23 Pa. C. S. §6381(d). Mother also argues that ALJ Nause's conclusion that Child's injury resulted from child abuse, rather than a fall at school, was not supported by substantial evidence. Rather, Mother asserts the ALJ based her decision on a clear but unstated finding that Child's inconsistent reports of abuse were credible.

The Department, however, contends Mother waived her right to challenge the BHA's January 19, 2018 order on the merits by failing to file a petition for review within 30 days of that order. Further, the Department asserts Mother waived the right to challenge the Secretary's February 7, 2018 order denying reconsideration by failing to address the Secretary's denial of reconsideration in her petition for review or brief.

For the reasons that follow, we dismiss Mother's petition for review of the BHA's order denying her administrative appeal.

## II. Background

In July 2017, based upon its investigation, County DHS filed an indicated report of child abuse identifying Mother and Stepfather as perpetrators of physical abuse of Child. In response, Mother and Stepfather filed appeals. In November 2017, ALJ Joseph Woitko (ALJ Woitko) presided over an evidentiary

2

hearing on the appeals. In lieu of submitting briefs, the parties presented closing arguments. In December 2017, the record closed.

In January 2018, ALJ Nause issued a recommended adjudication and made the following findings. Child, six years old at the time of the alleged abuse, resided with Mother and Stepfather. In May 2017, County DHS received a referral alleging Child had a left femur fracture as a result of being beaten by Mother and Stepfather. County DHS assigned Intake Caseworker John Garvin (Caseworker) to investigate the alleged abuse of Child. Caseworker proceeded to a hospital and interviewed Child. He also interviewed Mother, Stepfather, and Child's attending nurse. At the hospital, Child disclosed, without prompting, that Mother and Stepfather beat him.

During her interview with Caseworker, Mother disclosed that Child experienced pain for approximately three weeks prior to his hospitalization. Mother denied beating Child. However, she acknowledged that she used physical discipline in the household and that she administered the discipline. During his interview, Stepfather denied the allegations of abuse against him.

Caseworker also interviewed individuals from Child's school. According to school personnel, Child fell on May 12, 2017.

At the hospital, Caseworker observed a full-length cast, from hip to ankle, on Child's left leg. Prior to being placed in the cast, Child could not walk. Child's maternal grandmother carried him to the hospital. While in the cast, Child

could not bathe without assistance or attend school. As a result of his injuries, County DHS placed Child with his biological father, T.P. (Father), in August 2017.

At the hearing, Dr. Peter Pizzutollo, M.D. (Pediatrician), a board-certified orthopedic surgeon, qualified as an expert in children's orthopedic surgery and child abuse evaluation. Pediatrician obtained a history and examined Child during an office visit. About five days prior to the office visit, Pediatrician obtained Child's X-rays and a lab test performed at the hospital. Child's grandmother transported him to Pediatrician's office and provided Child's medical history.

During the office visit, Child disclosed to Pediatrician that Mother and Stepfather told him to hold onto a pole while they beat him because he wet the bed three times. When Pediatrician attempted to examine Child's left hip, Child could barely move his left hip without experiencing severe pain. Child also experienced severe pain when attempting to flex his leg about 20 degrees above the table. Pediatrician could not examine Child's range of motion in his hip because of Child's severe pain. Pediatrician opined that although Child appeared to be comfortable while sitting, he would experience pain with motion. Pediatrician determined that Child's nerve function, blood vessels and circulation were fine. However, any attempt to move Child's hip was painful.

Pediatrician reviewed Child's X-rays and lab studies. He opined that Child's lab studies were normal. However, Pediatrician opined that Child's X-rays indicated a significant widening of the growth center of the upper end of the left thigh, which would coincide with an injury through the growth zone. Pediatrician

4

diagnosed Child with a Salter-Harris Type One (Salter One) fracture, which indicates a fracture that goes through the growth plate. However, the bone above it and below it did not become displaced.

As a result of the diagnosis, and in order to allow for proper healing, Pediatrician admitted Child to the hospital and placed him in a spica cast. The cast went around Child's waist and down his entire left leg in order to keep him from moving.

Pediatrician opined that a Salter One fracture could be caused by a motor vehicle accident or a fall from a significant height. However, Pediatrician opined that a Salter One fracture could not be caused from being pushed by a peer at school or from rough play.

Pediatrician also explained why the hospital did not initially diagnose Child with a Salter One fracture. He explained that the injury is a subtle change in the growth plate. Therefore, the radiologist may not have noticed the change based on a lack of subspecialty or expertise in this area.

Pediatrician based his diagnosis of a Salter One fracture on his physical examination of Child and a review of Child's X-rays, which showed that the growth plate on the left side was wider than the growth plate on the right side. Pediatrician further opined that Child's Salter One fracture indicated that Child was a victim of physical child abuse. Pediatrician also opined that Child would have experienced

5

severe pain and discomfort from the inflicted injury. Pediatrician testified that his opinions were within a reasonable degree of medical certainty.

At the hearing, Mother denied the allegations of physical abuse. Mother acknowledged that she used physical discipline in her household. However, Mother claimed she stopped using physical discipline in May 2017. Mother suggested that Claimant's injuries could have been caused by a fall at school.

Stepfather and Child did not testify at the hearing. Father did not provide any testimony regarding the allegations of child abuse.

ALJ Nause found the testimony of Caseworker and Pediatrician to be credible. However, ALJ rejected the testimony of Mother as to how Child sustained his injuries as not credible.

In analyzing the applicable law, ALJ Nause recognized that County DHS has the burden of presenting substantial evidence that Mother and Stepfather committed child abuse in violation of the CPSL. Substantial evidence, in the context of a child abuse proceeding, has been defined as "evidence which outweighs inconsistent evidence and which a reasonable person would accept as adequate to support a conclusion." 23 Pa. C.S. §6303(a); A.O. v. Dep't of Pub. Welfare, 838 A.2d 35 (Pa. Cmwlth. 2003). In an expunction case, the burden is on the county agency to present evidence that outweighs any contrary evidence that the petitioner committed child abuse. L.S. v. Dep't of Pub. Welfare, 828 A.2d 480 (Pa. Cmwlth. 2003).

Further, Section 6303(a) defines "perpetrator" as a "person who has committed child abuse," including: a parent of a child, a paramour or former paramour of the child's parent, an individual, 14 years of age or older who is responsible for the welfare of a child, and an individual, 14 years of age or older who resides in the same home as the child. 23 Pa. C.S. §6303(a). Section 6303(b.1) of the CPSL defines "child abuse" as the intentional, knowing or reckless causation of bodily injury to a child through any recent act or failure to act. 23 Pa. C.S. §6303(b.1). "Bodily Injury" is defined as "Impairment of physical condition or substantial pain." 23 Pa. C.S. §6303(a).

Here, ALJ Nause noted that in this multi-caregiver case, Mother qualified as a perpetrator because she is Child's biological mother. The ALJ further noted that Stepfather qualified as a perpetrator because he is the child's stepfather and lives in the same residence as Child.

ALJ Nause also recognized that Section 6381(d) of the CPSL, relating to *prima facie* evidence of abuse in court proceedings, provides:

> **Prima facie evidence of abuse.--**Evidence that a child has suffered child abuse of such a nature as would ordinarily not be sustained or exist except by the reason of the acts or omissions of the parent or other person responsible for the welfare of the child shall be prima facie evidence of child abuse by the parent or other person responsible for the welfare of the child.

23 Pa. C.S. §6381(d).

7

The ALJ also reviewed our Supreme Court's decision in In re L.Z., 111 A.3d 1164 (Pa. 2015). The L.Z. Court examined prior intermediate appellate interpretations of Section 6381(d), which limited the *prima facie* presumption of abuse to one parent who was present at the time of the injury. The Court concluded these prior decisions were too restrictive. Like here, the situation in L.Z. involved multiple caregivers. Ultimately, the Supreme Court determined that, when applicable, the presumption of abuse in Section 6381(d) required each parent or person responsible for the child's care to provide evidence rebutting the presumption that he or she actually inflicted the injury or failed in their duty to protect the child.

Summarizing the evidence presented by County DHS, including Pediatrician's medical opinions, ALJ Nause observed that Child's injuries impaired his ability to walk and caused him substantial pain. ALJ's Adj., 1/9/18, at 15. Therefore, ALJ Nause concluded that the evidence clearly showed that Child suffered physical child abuse. Id.

ALJ Nause also determined that the *prima facie* presumption in 23 Pa. C.S. §6381(d) applies in the present case because Mother and Stepfather were Child's caretakers during the time period in which the abuse occurred. L.Z. To that end, ALJ Nause determined Mother could not rebut the presumption and was unable to provide a plausible explanation for Child's injury. In particular, ALJ Nause reasoned:

> [Mother] acknowledged that she has used physical discipline in her household, yet claims she stopped using physical discipline in May 2017. In addition, [Mother] suggested that [Child's] injury could have been caused from a fall at school. However, [Mother's] theory

8

regarding [Child's] injury was implausible and contradicted by the credible medical testimony. [Pediatrician] opined that a Salter One fracture could be caused from a motor vehicle accident or a fall from a significant height but could not be caused from being pushed by a peer at school or from rough play. Therefore, the testimony of [Mother] regarding the possible cause of [Child's] injury was not credible.

ALJ's Adj. at 15.

ALJ Nause further observed that Stepfather did not submit any evidence or testimony to rebut the presumption that he committed child abuse. Therefore, ALJ Nause determined that neither Mother nor Stepfather rebutted the presumption of abuse. Accordingly, ALJ Nause found that Mother and Stepfather failed to rebut the presumption that they were the individuals who committed child abuse upon Child. Id.

In making this determination, ALJ Nause explained that she need not determine "beyond all doubt" whether the physical abuse occurred. Id. Rather, the County DHS had the burden to provide substantial evidence of child abuse committed by Mother and Stepfather. Here, County DHS met this burden. Therefore, ALJ Nause concluded that Mother's and Stepfather's appeals should be denied. ALJ's Adj. at 16.

Thereafter, the BHA, after reviewing ALJ Nause's recommended adjudication, adopted it in its entirety. See BHA Order, 1/19/18. Stepfather did not seek review of the BHA's order. Mother filed a request for reconsideration, which the Secretary denied by order dated February 7, 2018. Mother eventually filed a

9

petition for review, which this Court deemed filed on February 26, 2018, the date of Mother's *pro se* letter of appeal.[1]

### III. Discussion

### A. Waiver

We first address the Department's contentions regarding waiver. The Department argues: (a) Mother waived the right to challenge the BHA's January 19, 2018, order on the merits by failing to file a petition for review within 30 days of the order; and (b) Mother waived the right to challenge the Secretary's February 7, 2018, order denying reconsideration by failing to address the order in her brief.

### 1. Argument

First, the Department contends that Mother lacks any authority to challenge the BHA's January 19, 2018, decision on the merits because Pa. R.A.P. 1512(a) requires that a petition for review of a quasi-judicial order be filed within 30 days after the entry of the order. A party who fails to file a petition for review within the 30-day appeal period loses the ability to challenge the merits of the decision. Keith v. Dep't of Pub. Welfare, 551 A.2d 333 (Pa. Cmwlth. 1988).

Here, the Department asserts, Mother filed a *pro se* letter on February 26, 2018, which this Court preserved as the date of filing her appeal. On March 26, 2018, Mother filed a petition for review identifying the BHA's January 19, 2018,

---

[1] Appellate review of an agency decision is limited to determining whether the agency's findings were supported by substantial evidence, whether the agency committed an error of law, or whether the agency violated the appellant's constitutional rights. R.J.W. v. Dep't of Human Servs., 139 A.3d 270 (Pa. Cmwlth. 2016).

order as the order over which this Court has jurisdiction. However, because the 30-day appeal period expired, the Department argues the only order that Mother could appeal is the February 7, 2018, order denying her request for reconsideration. Therefore, the Department argues Mother's challenge to the merits of the BHA's decision and order is waived.

Second, the Department contends Mother's petition for review and brief challenge only the BHA decision and the only matter this Court may review is the order denying reconsideration. Therefore, the Department contends Mother waived any argument that the Secretary abused her discretion in denying reconsideration. Issues must be raised in a party's petition for review and in the Statement of Questions and Argument sections of the party's appellate brief. City of Philadelphia v. Workers' Comp. Appeal Bd. (Ford-Tilghman), 996 A.2d 569 (Pa. Cmwlth. 2010).

In support of its position, the Department cites K.G. v. Dep't of Human Services, 187 A.3d 276 (Pa. Cmwlth. 2018), wherein a mother named as a perpetrator of child abuse in an indicated report challenged the merits of a BHA decision denying her appeal. In response, the Department argued that the only issue properly before this Court was whether the Secretary abused his discretion by denying the mother's request for reconsideration. In so doing, the Department noted that the mother did not address the merits of the Secretary's decision.

In K.G., this Court determined the mother waived her challenge to the Secretary's denial of reconsideration by failing to raise it in her petition for review

11

or in her appellate brief. The Department maintains that the issues in K.G. mirror the pending issues in this matter. In short, Mother failed to challenge the appropriate issues in her petition for review and brief.

As a result of these waivers, the Department argues this case must be considered moot. Under the mootness doctrine, a case may be dismissed for mootness at any time by the court, because, generally, an actual case or controversy must exist at all stages of the judicial or administrative process. Pa. Liquor Control Bd. v. Dentici, 542 A.2d 229 (Pa. Cmwlth. 1988). The Department asserts, in light of K.G., Mother's failure to raise arguments pertinent to the Secretary's order denying reconsideration renders this case moot.

**2. Analysis**

With respect to the BHA's decision and order, Mother filed her *pro se* appeal letter on February 26, 2018, more than 30 days after the BHA issued its order on January 19, 2018. Timeliness of an appeal is jurisdictional in nature; if an appeal is untimely, this Court is without jurisdiction to review the merits of the case. Keith; Peace v. Dep't of Pub. Welfare, 501 A.2d 1164 (Pa. Cmwlth. 1985). Consequently, Mother's untimely challenge to the merits of the BHA's decision must be deemed waived. Keith.

With respect to the Secretary's order denying reconsideration, we note that Mother initially indicated in her *pro se* letter, dated February 26, 2018, that she was appealing the Secretary's February 7, 2018 order denying reconsideration. However, in her ancillary petition for review, dated March 26, 2018, Mother sought

12

review of the BHA's January 19, 2018 decision on the merits. In so doing, Mother abandoned her challenge to the Secretary's order denying reconsideration. Therefore, given these circumstances, we must dismiss Mother's alleged *pro se* appeal of the Secretary's order denying reconsideration because she abandoned any right to review of that order by not challenging it in her ancillary petition for review. See Walsh v. Dep't of Human Servs. (Pa. Cmwlth., Nos. 2018 C.D. 2015, 2558 C.D. 2015, filed July 1, 2016) (unreported)[2] 2016 WL 3571386 (where the petitions for review do not address the order denying reconsideration, we will not review it).

## B. Merits of BHA Decision and Order

As discussed above, we must hold Mother failed to preserve her challenge to the merits of the BHA's decision and order. Keith. Consequently, we dismiss Mother's challenge to the merits of the BHA's decision denying her administrative appeal. Id. Nonetheless, even if not waived, Mother's arguments fail.

### 1. Presumption of Abuse
### a. Argument

Mother contends that ALJ Nause, who did not preside at the hearing, erroneously applied the *prima facie* presumption of abuse in 23 Pa. C.S. §6381(d) in this case. In addition, Mother asserts, even assuming the ALJ properly applied the presumption, proof that the child was not in the parent's care when the injury occurred will rebut the presumption. T.H. v. Dep't of Human Servs., 145 A.3d 1191

---

[2] This Court's unreported opinions may be cited for their persuasive value, but not as binding precedent. Section 414(a) of the Commonwealth Court's Internal Operating Procedures; 210 Pa. Code §69.414(a).

(Pa. Cmwlth. 2016). As such, Mother maintains that the preponderance of the evidence in this case established that Child's injury occurred when he was pushed and fell at school.

## b. Analysis

In an expunction case, the county agency bears the burden of establishing the report of abuse is accurate and supported by substantial evidence, which the CPSL defines as evidence which outweighs inconsistent evidence and which a reasonable person would accept as adequate to support a conclusion. R.J.W. v. Dep't of Human Servs., 139 A.3d 270 (Pa. Cmwlth. 2016). An ALJ is free to accept or reject the testimony of any witness, in whole or in part. Id. Further, determinations regarding credibility and the weight of the evidence are solely within the province of the ALJ. Id.

Pediatrician opined that Child's fracture could not be caused by being pushed at school or engaging in rough play. ALJ's Adj., Finding of Fact (F.F.) No. 39; ALJ's Hr'g, Notes of Testimony (N.T.), 11/28/17, at 131. Child experienced severe pain from his femur fracture. F.F. No. 44; N.T. at 121. Pediatrician opined, within a reasonable degree of medical certainty, that child abuse was the most likely diagnosis. F.F. No. 43; N.T. at 136. To that end, Pediatrician noted there was no history of any significant injury, and Child's history of what was being done to him supported a conclusion of child abuse. N.T. at 136. In short, Pediatrician testified that Child's injuries could not have resulted from a fall at school. ALJ Nause accepted Pediatrician's testimony and opinions as credible. F.F. No. 51. Therefore, Mother's competency challenge to Pediatrician's testimony fails.

In addition, we recognize that the presumption of abuse only establishes *prima facie* evidence of abuse, which can be rebutted. L.Z. In light of the ALJ's negative credibility finding regarding Mother's testimony that Child's fall at school caused his injury, Mother failed to rebut the presumption in 23 Pa. C.S. §6381(d).

## 2. ALJ's Credibility Determinations

### a. Argument

Mother also argues that ALJ Nause, who did not preside at the hearings, obviously credited Child's reports of abuse over Mother's denials of abuse without explaining her credibility determination in favor of Child. Mother cites Daniels v. Workers' Compensation Appeal Board (Tristate Transport), 828 A.2d 1043 (Pa. 2003), a workers' compensation case where our Supreme Court held that credibility determinations based upon review of a transcript must be explained by some articulation of an objective basis for the determination. Mother points out that this Court applied Daniels in A.G. v. Department of Human Services (Pa. Cmwlth., No. 965 C.D. 2017, filed June 6, 2018), 2018 WL 2708530, and remanded for the issuance of a new decision.

### b. Analysis

Unlike the situation in A.G., ALJ Nause's credibility determinations are sufficient to meet the Daniels standard. ALJ Nause found Pediatrician's testimony credible. F.F. No. 51. ALJ Nause also specifically credited Pediatrician's testimony that Child's Salter One fracture could not have been caused by a push

15

from a peer at school or by rough play. F.F. No. 39; N.T. at 136. Moreover, ALJ Nause recapped Pediatrician's testimony and opinions and stated:

> The credible medical testimony provided coupled with the medical records and the [County DHS] testimony introduced at the time of the hearing demonstrated [Child's] injury impaired his ability to walk and caused him substantial pain; therefore [County DHS] met its burden to show [Child] suffered bodily injury. Therefore, the undersigned finds the evidence clearly supports that [Child] was physically abused.

ALJ's Adj. at 15. ALJ Nause further stated Mother's theory regarding Child's injury was implausible and contradicted by Pediatrician's credible medical testimony. Id. Therefore, ALJ Nause rejected Mother's testimony as not credible. Id. ALJ Nause's credibility determinations are adequate for appellate review. Daniels; A.G.

## IV. Conclusion

As discussed above, Mother's untimely petition for review of the BHA's order adopting ALJ Nause's recommendation to deny Mother's and Stepfather's administrative appeals in this case deprives this Court of jurisdiction to address the merits of Mother's appeal. Therefore, we dismiss Mother's appeal of the BHA order on that basis. However, even assuming that the merits of Mother's appeal were properly before the Court, we discern no error or abuse of discretion in the BHA's decision and order denying Mother's administrative appeal.

_____
ROBERT SIMPSON, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. G.,                          :     SEALED CASE
               Petitioner     :
                         :     No. 381 C.D. 2018
        v.                     :
                         :
Department of Human Services,    :
            Respondent    :

# **O R D E R**

**AND NOW**, this 23rd day of April, 2019, for the reasons stated in the foregoing opinion, Petitioner J.G.'s petition for review of the order of the Department of Human Services, Bureau of Hearings and Appeals, dated January 19, 2018, is **DENIED and DISMISSED** as untimely filed.

ROBERT SIMPSON, Judge